[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
03/04/99
THOMAS  K. KAHN
CLERK

_____

No. 97-5994
Non-Argument Calendar

_____

D. C. Docket No. 97-547-CV-SM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEAN CLAUDE SIMON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 4, 1999)**

Before TJOFLAT, EDMONDSON and BLACK, Circuit Judges.

BLACK, Circuit Judge:

Appellant Jean Claude Simon appeals his sentence for illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326(a). Appellant asserts that the district court erred in imposing a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) (1997). He contends that the term "aggravated felony" as used in that section does not include his prior Florida felony conviction for possessing cocaine. We review the district court's interpretation of the Sentencing Guidelines de novo. *United States v. Bozza*, 132 F.3d 659, 661 (11th Cir. 1998).

Section 2L1.2(b)(1)(A) of the 1997 Sentencing Guidelines provides for a 16-level enhancement if the defendant previously was deported after a conviction for an aggravated felony. U.S.S.G. § 2L1.2(b)(1)(A) (1997).[1] The commentary to Section 2L1.2(b)(1)(A) defines "aggravated felony" as it is defined in 8 U.S.C. § 1101(a)(43), which, in turn, defines "aggravated felony" in Section 1101(a)(43)(B) to include a "drug trafficking crime (as defined in section 924(c) of Title 18)." U.S.S.G. § 2L1.2, comment (n.1) (1997). Section 924(c) defines the term "drug trafficking crime" to include "any felony punishable under the Controlled Substances Act (21 U.S.C. 801

---

[1] We apply the version of the Sentencing Guidelines and commentary in effect on the date of sentencing, 18 U.S.C. §§ 3553(a)(4)-(5), unless a more lenient punishment would result under the Guidelines version in effect on the date the offense was committed. *United States v. Wilson*, 993 F.2d 214, 216 (11th Cir. 1993) (internal citations omitted). We therefore apply the 1997 version of the Sentencing Guidelines, which was in effect at the time of sentencing on December 11, 1997, instead of the 1995 Sentencing Guidelines in effect at the time of Simon's offense on May 27, 1997, because the same punishment would result under both versions of the Guidelines.

et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.)." 18 U.S.C. § 924(c)(2). We agree with the other circuits that have addressed this question that for a drug offense to come within 18 U.S.C. § 924(c)(2), and hence to fit within the definition of aggravated felony, two criteria must be met: (1) the offense must be punishable under one of the three enumerated statutes, and (2) the offense must be a felony. *See United States v. Restrepo-Aguilar*, 74 F.3d 361, 364 (1st Cir. 1996); *United States v. Polanco*, 29 F.3d 35, 38 (2d Cir. 1994); *United States v. Hinojosa-Lopez*, 130 F.3d 691, 694 (5th Cir. 1997); *United States v. Briones-Mata*, 116 F.3d 308, 309-310 (8th Cir. 1997); *United States v. Garcia-Olmedo*, 112 F.3d 399, 400-401 (9th Cir. 1997); *United States v. Cabrera-Sosa*, 81 F.3d 998, 1000 (10th Cir. 1996).

Appellant does not dispute the first criterion. The Controlled Substances Act (CSA) provides that possession of cocaine is a punishable offense, albeit as a misdemeanor. 21 U.S.C. § 844(a). Appellant does dispute the second criterion, contending that his prior conviction is not an "aggravated felony" because it is only a misdemeanor offense under the CSA. *Id.* He reads 18 U.S.C. § 924(c)(2) to define "drug trafficking crime" as any offense punishable as a felony under the CSA. Simon ignores the plain language of the CSA which defines a felony as "any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. §

3

802(13); *see also Restrepo-Aguilar*, 74 F.3d at 364 ("Section 924(c)(2)'s definition of 'drug trafficking crime' by its terms includes 'any felony' that is criminalized under the CSA."). Since Appellant was convicted of possession of cocaine, a third-degree felony under Florida law, he has committed a felony for purposes of Section 924(c)(2). The district court therefore correctly imposed a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A).[2]

AFFIRMED.

---

[2] Simon also contends that the state law definition of drug "trafficking" does not include his prior conviction for simple possession of cocaine. Smith's argument is meritless because trafficking crimes are defined under the CSA and federal, not state, definitions govern under the Guidelines. *See United States v. Tamayo*, 80 F.3d 1514, 1523 (11th Cir. 1996).