[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 20, 2005
THOMAS  K. KAHN
CLERK

_____

No. 04-13829
Non-Argument Calendar

_____

D.C. Docket No. 03-60289-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee-
Cross-Appellant,

versus

ALLAN CABRERA-RUIZ,

Defendant-Appellant-
Cross-Appellee.

_____

Appeals from the United States District Court for the
Southern District of Florida

_____

**(May 20, 2005)**

Before ANDERSON, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Allan Cabrera-Ruiz appeals his sentence for illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). Cabrera-Ruiz asserts the district court erred in (1) enhancing his sentence based on facts not alleged in the indictment or found by the jury, and (2) determining his state court conviction for delivery of cannabis was an aggravated felony. The Government cross-appeals, contending the district court erred in determining Cabrera-Ruiz's prior drug trafficking conviction was the only prior conviction that could be used to support a sentencing enhancement under U.S.S.G. § 2L1.2(b)(1). We vacate and remand for resentencing.

## I. DISCUSSION

A. *Enhancement Issues*

Cabrera-Ruiz asserts his Fifth and Sixth Amendment rights were violated, pursuant to *Blakely v. Washington*, 124 S. Ct. 2531 (2004), when the district court enhanced his sentence based on facts neither charged in the indictment nor found by a jury beyond a reasonable doubt. Because Cabrera-Ruiz argued in his objections to the PSI and at sentencing that the district court violated his Fifth and Sixth Amendment rights under *Blakely*, he raised a timely constitutional objection and is entitled to preserved error review. *See United States v. Candelario*, 240 F.3d 1300, 1306 (11th Cir. 2001). We review preserved constitutional errors de

2

novo, but "will reverse only for harmful error." *See United States v. Sanchez*, 269 F.3d 1250, 1272 (11th Cir. 2001) (en banc).

1.    *Statutory Enhancement*

8 U.S.C. § 1326(b)(2) provides for a maximum sentence of 20 years' imprisonment for illegal reentry if a defendant was deported subsequent to being convicted of an aggravated felony. On the other hand, a defendant who was not deported subsequent to being convicted of an aggravated felony, and who does not satisfy any of the other requirements justifying an enhanced penalty under § 1326(b), is subject to a maximum of two years' imprisonment. 8 U.S.C. § 1326(a). Cabrera-Ruiz argues his prior aggravated felony conviction, which subjected him to the enhanced sentence of 8 U.S.C. § 1326(b)(2), was neither alleged in the indictment nor proven to a jury beyond a reasonable doubt, thus violating the Fifth and Sixth Amendments.

The Supreme Court determined an indictment in an illegal reentry case does not have to allege a defendant's prior aggravated felony conviction for a court to impose an enhanced sentence under § 1326(b). *Almendarez-Torres v. United States*, 118 S. Ct. 1219, 1232–33 (1998). Here, the indictment charged Cabrera-Ruiz with illegal reentry after deportation, without alleging the fact he previously

had been deported following a conviction for an aggravated felony.[1] However, the indictment does not have to allege a defendant's prior aggravated-felony conviction for a court to impose an enhanced sentence under § 1326(b)(2). *See id.* Accordingly, the district court did not err when it imposed a statutory sentence above the two-year statutory maximum sentence for § 1326(a) offenses.

2.    *Guidelines Enhancement*

Further, Cabrera-Ruiz claims the court violated his constitutional rights by sentencing him under U.S.S.G. § 2L1.2(b)(1)(B) because the conviction the court relied on in imposing this enhancement was neither alleged in the indictment nor proven beyond a reasonable doubt. U.S.S.G. § 2L1.2(b)(1)(B) provides "[i]f the defendant previously was deported, or unlawfully remained in the United States after—a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less," the base offense level is increased 12 levels.

Subsequent to the parties filing their briefs in this appeal, the Supreme Court concluded its holding in *Blakely* applied to the Federal Sentencing Guidelines. *United States v. Booker*, 125 S. Ct. 738, 755 (2005). In discussing this holding, however, the Court reaffirmed its holding in *Apprendi v. New Jersey*,

---

[1] The indictment, however, did allege that Cabrera-Ruiz's reentry following deportation was in violation of 8 U.S.C. § 1326(a) and (b)(2).

120 S. Ct. 2348 (2000), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756.

Accordingly, insofar as the district court's enhancement of Cabrera-Ruiz's sentence under § 2L1.2(b)(1)(B) merely involved a determination that Cabrera-Ruiz had prior convictions, the enhancement did not implicate *Apprendi*, *Blakely*, or *Booker*, as those cases exempt prior convictions from the types of facts that must be admitted by the defendant or proved to a jury beyond a reasonable doubt in order to support a sentence enhancement.

There is a potential *Booker* error in this case, however, because the district court sentenced Cabrera-Ruiz under a mandatory Guidelines system. *See United States v. Shelton*, 400 F.3d 1325, 1330–31 (2005) ("[T]he Supreme Court has now excised the mandatory nature of the Guidelines in *Booker*. Thus, we conclude it was *Booker* error for the district court to sentence Shelton under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation."). Because this case is being vacated and remanded for resentencing on another issue, however, we do not address this issue.

B.      *Aggravated Felony*

Cabrera-Ruiz next contends the district court erred in determining his conviction for delivery of cannabis was an aggravated felony. We review de novo the district court's interpretation of the Sentencing Guidelines. *United States v. Simon*, 168 F.3d 1271, 1272 (11th Cir. 1999).

A defendant who was removed subsequent to a conviction for an aggravated felony is subject to a 20-year statutory maximum sentence. 8 U.S.C. § 1326(b)(2). The Code states an aggravated felony means "illicit trafficking in a controlled substance." 8 U.S.C. § 1101(a)(43)(B). We have stated a state felony drug offense could qualify as an aggravated felony even though that same offense would not be a felony under the federal drug statutes. *Simon*, 168 F.3d at 1272. The Florida Supreme Court has stated delivery of cannabis is a third degree felony under Florida law. *See Parker v. Florida*, 406 So. 2d 1089, 1091 (Fla. 1981).

Cabrera-Ruiz was convicted of a state court drug trafficking felony, delivery of cannabis, and that conviction can qualify as an aggravated felony even though it is not an aggravated felony under federal law. *See Simon*, 168 F.3d at 1272; *Parker*, 406 So. 2d at 1091. Accordingly, the district court did not err in determining his conviction was an aggravated felony for purposes of 8 U.S.C. § 1326(b)(2).

6

C.    *Government's Cross Appeal*

The Government contends the district court erred in determining the conviction used to support the application of 8 U.S.C. § 1326(b)(2) was the only prior conviction that could be used to support an enhancement under U.S.S.G. § 2L1.2(b). Section 1326(b)(2) provides an alien whose removal was subsequent to a conviction for an aggravated felony shall not be imprisoned for more than 20 years. Under the Immigration and Nationality Act, the term "aggravated felony" includes, in relevant part, a drug trafficking offense, or a crime of violence for which the term of imprisonment was at least one year. 8 U.S.C. § 1101(a)(43)(B), (F).

The Sentencing Guidelines provide for a base offense level of 8 for a conviction under § 1326(a). U.S.S.G. § 2L1.2(a). The Guidelines further provide if the defendant was previously deported after a conviction for a felony that is "a drug trafficking offense for which the sentence imposed exceeded 13 months," or "a crime of violence," the offense level should be increased by 16 levels, and "a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less," the offense level should be increased by 12 levels. U.S.S.G. § 2L1.2(b)(1)(A)(i), (ii), (B). The Application Notes define a crime of violence, in relevant part, as aggravated assault, and define a drug trafficking

offense as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance." U.S.S.G. § 2L1.2, comment. (n.1(B)(iii),(iv)).

As discussed above, Cabrera-Ruiz's conviction for delivery of cannabis is an aggravated felony for purposes of establishing § 1326(b)(2). *See* 8 U.S.C. § 1101(a)(43)(B). Cabrera-Ruiz's conviction for aggravated battery is not an aggravated felony, for purposes of § 1326(b)(2), as he only served a nine-month sentence which did not meet the one year requirement of § 1101(a)(43)(F). Thus, Cabrera-Ruiz's conviction for delivery of cannabis is the only conviction that invokes the § 1326(b)(2) statutory maximum of 20 years. *See* 8 U.S.C. § 1101(a)(43)(F).

Under the Guidelines, the delivery of cannabis conviction, for which Cabrera-Ruiz received a four month sentence, does not meet the requirements for a 16-level increase, but does meet the requirements for a 12-level increase. *See* U.S.S.G. § 2L1.2(b)(1)(A), (B). However, Cabrera-Ruiz's conviction for aggravated battery is a crime of violence, such that the 16-level increase would apply. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii), comment. (n.1(B)(iii)).

The issue then becomes whether the conviction used to enhance a defendant's sentence under § 2L1.2(b)(1)(A) needs to be the same conviction that invokes the penalty provision in § 1326(b)(2). We have held that:

> [Section] 2L1.2 is not dependent upon 8 U.S.C. § 1326 and that a previous offense may be an "aggravated felony" for the purpose of the 16-level enhancement in the guideline while not qualifying for the statutory enhancement at 8 U.S.C. § 1326(b)(2). . . . While we agree that there is a difference between the definitions of "aggravated felony," that difference does not cause a conflict between the statute and the guideline or create an ambiguity as to what sentence applies to a conviction under 8 U.S.C. § 1326.

*United States v. Lazo-Ortiz*, 136 F.3d 1282, 1285 (11th Cir. 1998). Therefore, Cabrera-Ruiz's conviction for delivery of cannabis, a felony drug trafficking crime, could be used to invoke the § 1326(b)(2) penalty provision, while his conviction for aggravated battery, a crime of violence, could be used to enhance his sentence by 16 levels under § 2L1.2(b)(1)(A)(ii). Accordingly, the district court erred in concluding that Cabrera-Ruiz's conviction for delivery of cannabis was the only conviction that would determine the level of enhancement he would receive under the Guidelines.

## II.  CONCLUSION

The district court did not err in enhancing Cabrera-Ruiz's sentence under the statute or the Guidelines based on his past convictions. The district court also

did not err in determining his state court conviction for delivery of cannabis was an aggravated felony. The district court erred, however, in its application of U.S.S.G. § 2L1.2(b) based on its belief the conviction used to support the enhanced penalty provision under 8 U.S.C. § 1326(b)(2) was the only prior conviction that could be used to support a sentencing enhancement under U.S.S.G. § 2L1.2(b). We thus vacate and remand for resentencing. On remand, the district court should treat the Sentencing Guidelines as advisory as mandated by *Booker*.

VACATED AND REMANDED.