[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-13177
Non-Argument Calendar

_____

D.C. Docket No. 02-00037-CR-WDO-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STONEY LESTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 6, 2005)

**ON PETITION FOR REHEARING**

Before ANDERSON, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

The panel's opinion in this case issued on April 29, 2005. The mandate was withheld pursuant to a request by an active judge. Appellant now moves for panel rehearing. Based on our conclusion we should have also considered *Booker* statutory error in the opinion, we GRANT the motion for rehearing and vacate our previous opinion.

Stoney Lester appeals his sentence for possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). He maintains the district court erred in (1) applying the career offender, obstruction of justice, and dangerous firearm enhancements, in light of *Blakely v. Washington*, 124 S. Ct. 2531 (2004), (2) determining marijuana was a controlled substance for purposes of determining whether Lester was entitled to a career offender classification, (3) accepting the Pre-Sentence Investigation Report's recommendation that Lester receive a two-level enhancement for both obstruction of justice and possessing a dangerous firearm, (4) not departing downward because Lester's career offender enhancement, along with his Criminal History Category of VI, over-represented the likelihood he would commit future crimes, and (5) denying Lester's request for an acceptance of responsibility adjustment. The district court did not err, and we affirm.

# I. DISCUSSION

## A. *Blakely/Booker*

### 1. *Sixth Amendment*

Lester asserts the district court's application of the career offender, obstruction of justice, and dangerous firearm enhancements violated his Sixth Amendment rights under *Blakely*, because the underlying facts were not submitted to a jury. Lester raises this issue for the first time on appeal. We review for plain error those issues in which timely objections were not made in the district court. *United States v. Olano*, 113 S. Ct. 1770, 1776 (1993); *see also* Fed. R. Crim. P. 52(b). To prevail under a plain-error standard, the appellant must meet the following three requirements: (1) there must be an error; (2) that error must be plain; and (3) the plain error must affect substantial rights. *Olano*, 113 S. Ct. at 1776. Once the appellant proves these three elements, we may notice the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1779.

#### a. *Career Offender Classification*

"In *Almendarez-Torres v. United States* [118 S. Ct. 1219 (1998)], the Supreme Court held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a

district court to use those convictions for purposes of enhancing a sentence."
*United States v. Marseille*, 377 F.3d 1249, 1257 (11th Cir.), *cert. denied*, 125 S. Ct. 637 (2004). In *Apprendi*, the Supreme Court declined to revisit *Almendarez-Torres* and held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 120 S. Ct. 2348, 2362–63 (2000).

In *Blakely*, the Supreme Court applied the rule it announced in *Apprendi* to the State of Washington's Sentencing Reform Act. 124 S. Ct. at 2534–36. The Supreme Court struck down an upward departure imposed under Washington's sentencing system that was based solely on judicial factfinding, clarifying that the relevant "statutory maximum for *Apprendi* purposes is the maximum a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.* at 2534–38 (emphasis omitted).

In *United States v. Booker*, 125 S. Ct. 738, 756 (2005), the Supreme Court concluded its holding in *Blakely* applied to the Federal Sentencing Guidelines and reaffirmed its holding in *Apprendi*: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts

4

established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."

We recently held that *Almendarez-Torres* remains the law post-*Booker*. *See United States v. Camacho-Ibarquen*, 404 F.3d 1283, 1290 (11th Cir. 2005). Accordingly, insofar as the district court's enhancement of Lester's sentence under § 4B1.1 merely involved a determination Lester had prior convictions, the enhancement did not implicate *Apprendi*, *Blakely*, or *Booker*, as those cases exempt prior convictions from the types of facts that must be admitted by the defendant or proved to a jury beyond a reasonable doubt in order to support a sentence enhancement.

        b.      *Obstruction of Justice and Dangerous Firearm Enhancements*

Lester's argument that his obstruction of justice and dangerous firearm enhancements violate his Sixth Amendment rights also fails. As discussed below, the district court did not err when it determined Lester was entitled to a career offender classification. Because Lester's guideline range was determined based on the career offender classification, and the obstruction of justice and dangerous firearm enhancements affected neither his statutory maximum as defined in *Booker*, nor his sentence, any potential error was harmless. *See Booker*, 125 S. Ct. at 769 (stating the harmless error doctrine still applies to sentencing issues).

2.	*Statutory Error*

The Supreme Court indicated that both its "Sixth Amendment holding and

. . . remedial interpretation of the Sentencing Act" must be applied "to all cases on

direct review." *Booker*, 125 S. Ct. at 769. We have clarified there are two types

of *Booker* error: (1) Sixth Amendment, or constitutional, error based upon

sentencing enhancements neither admitted by the defendant nor submitted to a jury

and proven beyond a reasonable doubt; and (2) statutory error based upon

sentencing under a mandatory Guidelines system. *United States v. Shelton*, 400

F.3d 1325, 1329–34 (11th Cir. 2005).

Here, there is error that is plain because the district court treated the

Guidelines as mandatory. *See Shelton*, 400 F.3d at 1331. In applying the third

prong of the plain error test, "we ask whether there is a reasonable probability of a

different result if the guidelines had been applied in an advisory instead of binding

fashion by the sentencing judge in this case." *United States v. Rodriguez*, 398

F.3d 1291, 1301 (11th Cir. 2005). "To establish the third prong takes something

more than showing the district court sentenced within the Guidelines range and

felt bound to do so, especially given that the Guidelines range remains an

important factor in sentencing." *Shelton*, 400 F.3d at 1332. The fact the district

court sentenced the defendant to the bottom of the applicable Guidelines range

does not establish a reasonable probability the court would have imposed a lesser sentence under an advisory regime. *United States v. Fields*, 11th Cir., 2005, __ F.3d __ (No. 04-12486 at *8–9, May 16, 2005).

At sentencing, the district judge stated he was "sentencing [Lester] as a career offender because I think I'm required to do so. It's not a matter of choice." Additionally, Lester was sentenced to the lowest possible Guidelines sentence. However, that the district court sentenced within the Guidelines range and felt bound to do so, and that Lester was sentenced at the low end of the range is not enough to establish the third prong. *See Shelton*, 400 F.3d at 1332, *Fields*, No. 04-12486 at *8–9. Thus, Lester has not satisfied the third prong of the plain error test and cannot show plain error in being sentenced under a mandatory Guidelines system.

B.    *Controlled Substance and Career Offender Classification*

Lester next argues the district court erred in classifying him as a career offender because he did not have the requisite prior felony offenses as Georgia law does not recognize marijuana as a controlled substance. We review de novo the district court's interpretation of the Guidelines. *United States v. Rubio*, 317 F.3d 1240, 1242 (11th Cir. 2003). The Guidelines provide a defendant is a career offender if: (1) he was at least 18 years old at the time he committed the instant

offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he had at least two prior felony convictions of a crime of violence or controlled substance offense. U.S.S.G. § 4B1.1. A controlled substance offense is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

In *United States v. Simon*, the defendant argued he could not be deported because his Florida state law conviction for possessing cocaine was not a drug trafficking crime under Florida law. *Simon*, 168 F.3d 1271, 1272 n.2 (11th Cir. 1999). We rejected his argument stating "trafficking crimes are defined under the CSA [Controlled Substances Act] and federal, not state, definitions govern under the Guidelines." *Id.*; *see also United States v. Tamayo*, 80 F.3d 1514, 1523 (11th Cir. 1996) (the definition of a valid conviction for federal sentencing purposes is defined by federal, not state law).

Our reasoning in *Simon* and *Tamayo* is dispositive of the current case because federal law classifies marijuana as a controlled substance.[1]  We have also stated conspiracy to possess marijuana with intent to distribute is a controlled substance offense for purposes of the U.S.S.G. § 4B1.1 career criminal classification.  *United States v. Weir*, 51 F.3d 1031, 1031 (11th Cir. 1995).  Further, although Georgia law, according to *Asberry v. State*, 467 S.E.2d 225, 226–227 (Ga. App. 1996), does not consider marijuana a controlled offense, federal law, and not state law, governs under the federal Sentencing Guidelines.  *Simon*, 168 F.3d at 1272 n.2; *Tamayo*, 80 F.3d at 1523.  Thus, the district court did not err when it concluded Lester's prior conviction for possessing and selling marijuana was a controlled substance offense for purposes of classifying him as a career offender.

C.     *Obstruction of Justice and Dangerous Firearm Enhancements*

Lester further maintains the district court erred in applying the dangerous firearm (U.S.S.G. § 2D1.1(b)(1)) and obstruction of justice enhancements (U.S.S.G. § 3C1.1). We review for clear error the district court's findings of fact when it enhances a defendant's sentence in obstruction of justice cases and for

---

[1] The United States Code states that a controlled substance is any drug or substance listed in schedule I, II, III, IV, and V of 21 U.S.C. § 812.  21 U.S.C. § 802(6).  Section 812 lists marijuana as a schedule I drug.  21 U.S.C. § 812, Schedule I (c)(10).

cases involving U.S.S.G. § 2D1.1(b)(1), and review the application of the

sentencing guidelines de novo. *United States v. Uscinski*, 369 F.3d 1243, 1246

(11th Cir. 2004) (obstruction cases); *United States v. Gallo*, 195 F.3d 1278, 1280

(11th Cir. 1999) (§ 2D1.1(b)(1) cases).

The probation department originally assigned Lester a base offense level of

26, and with the additional four levels from the obstruction and dangerous firearm

enhancements, his total offense level was 30. However, because Lester is a career

offender with a statutory maximum of 40 years, his offense level had to be 34,

pursuant to § 4B1.1(B).[2] Therefore, if there was any error in applying the

obstruction and dangerous firearm enhancements, it was harmless. *See* Fed. R.

Crim. P. 52(a) ("Any error, defect, irregularity or variance which does not affect

substantial rights shall be disregarded").

D.      *Downward Departure*

Lester also contends the district court erred in denying his request for a

downward departure because his career offender enhancement and his criminal

history category of VI overstate his past crimes and the likelihood he will commit

future crimes. He also maintains the district court violated *Blakely* because it

---

[2] Although the statutory maximum for Lester's offense is life, Lester was told at his plea hearing that the statutory maximum was 40 years. Both the district court and the parties relied on the 40 year maximum to determine the career offender offense level.

10

never submitted to a jury the issue of whether he was entitled to a downward departure. We lack jurisdiction to review a district court's denial of a downward departure when the court bases its decision on its discretionary authority. *United States v. Chase*, 174 F.3d 1193, 1195 (11th Cir. 1999). We have jurisdiction, however, to review the defendant's claim the district court mistakenly lacked discretionary authority to depart. *Id.* When nothing in the record indicates otherwise, we will assume the district court understood it had the authority to depart downward, thus precluding review. *Id.*

Although the district court did not comment on why it did not grant the departure, we assume the district court was aware it had the authority to depart and chose to exercise its discretionary authority to deny the departure. Thus, we lack jurisdiction to consider Lester's claim. *See id.*

E.      *Acceptance of Responsibility*

Finally, Lester avers the district court erred in not applying the acceptance of responsibility adjustment. "We review the district court's determination of acceptance of responsibility only for clear error." *United States v. Amedeo*, 370 F.3d 1305, 1320 (11th Cir. 2004). Further, we will not set aside a district court's determination a defendant is not entitled to a reduction for acceptance of

11

responsibility "unless the facts in the record clearly establish that a defendant has accepted personal responsibility." *Id.* at 1320–21.

U.S.S.G. § 3E1.1 allows the district court to decrease the offense level by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." The Guidelines state evidence of the defendant's truthful admission of his criminal conduct "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." U.S.S.G. § 3E1.1, comment. (n.3). Moreover, the guidelines also state that, an enhancement for obstruction of justice (§ 3C1.1) generally indicates the defendant has not accepted responsibility for his criminal conduct, however, extraordinary cases may exist "in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1, comment. (n.4). The sentencing judge has discretion to determine whether a defendant receives the two level reduction. *United States v. Thayer*, 204 F.3d 1352, 1358 (11th Cir. 2000). Since a defendant's continued use of illegal drugs constitutes a continuation of the drug offense for which he was convicted, the district court's denial of an adjustment for acceptance of responsibility is not clearly erroneous. *United States v. Matthews*, 168 F.3d 1234, 1250 (11th Cir. 1999).

The district court did not clearly err when it accepted the probation department's recommendation that Lester not receive an adjustment for acceptance of responsibility. At Lester's pre-trial release revocation hearing, the Government provided testimony and lab evidence that Lester, while on pre-trial release, tested positive for cocaine use on two separate occasions. Because a district court can use its discretion to deny an acceptance of responsibility adjustment based on the defendant's continued illegal drug use, the district court did not clearly err when it denied Lester's request for an acceptance of responsibility adjustment. *See Thayer*, 204 F.3d at 1358; *Matthews*, 168 F.3d at 1250.

## II. CONCLUSION

The district court did not err in applying the career offender, obstruction of justice, and dangerous firearm enhancements, or in denying Lester's request for an acceptance of responsibility adjustment. We lack jurisdiction to review the district court's denial of downward departure.

**AFFIRMED.**