[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 11, 2006
THOMAS K. KAHN
CLERK

No. 05-15414
Non-Argument Calendar

_____

D. C. Docket No. 05-20323-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EXAMINE AURELIEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 11, 2006)

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Examine Aurelien appeals his sentence imposed after he pled guilty to illegal re-entry after deportation. At sentencing, the district court enhanced his base offense level under U.S.S.G. § 2L1.2(b)(1)(C) based on a prior state felony conviction for possession of cocaine. Aurelien asserts this Court should overrule its precedent and find an "aggravated felony" under § 2L1.2(b)(1)(C) does not include state felonies that would only be punishable as a federal misdemeanor.

We review a district court's interpretation of the Guidelines de novo. *United States v. Simon*, 168 F.3d 1271, 1272 (11th Cir. 1999). Under § 2L1.2(b)(1)(C), if a defendant was deported previously after a "conviction for an aggravated felony," the base offense level should be increased by eight levels. In *Simon*, we held a drug offense meets the definition of "aggravated felony" if two criteria are met: (1) the offense must be punishable under the Controlled Substances Act, and (2) the offense must be a felony. *Simon*, 168 F.3d at 1272. *Simon* held a state felony conviction for possession of cocaine satisfied these two criteria, and therefore qualified as an "aggravated felony." *Id.* "[O]nly the Supreme Court or this Court sitting en banc can judicially overrule a prior panel decision." *United States v. Marte*, 356 F.3d 1336, 1344 (11th Cir. 2004).

Aurelien's argument is foreclosed by our decision in *Simon*. The district court enhanced Aurelien's base offense level because he had a prior Florida state

2

conviction for possession of cocaine, which, under *Simon*, is an "aggravated felony." *Simon*, 168 F.3d 1272. To the extent Aurelien argues this Court should overrule the prior panel decision, that argument is without merit as only the Supreme Court or this Court sitting en banc may do so. *Marte*, 356 F.3d 1344. The district court did not err in following *Simon* and applying U.S.S.G. § 2L1.2(b)(1)(C). Accordingly, we affirm Aurelien's sentence.

**AFFIRMED.**