[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15154
Non-Argument Calendar
_____

D. C. Docket No. 04-00236-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNIE NORWOOD,
a.k.a. Connie Norwood,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 13 2006)

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Johnnie Norwood appeals his 27-month sentence for: (1) conspiracy to

defraud the Social Security Administration (SSA), 42 U.S.C. § 371; (2) mail fraud, 18 U.S.C. § 1341; (3) wire fraud, 18 U.S.C. § 1343; and (4) making false statements, 42 U.S.C. § 408(a)(3).  He contends that the district court clearly erred in applying a two-level enhancement for the "unauthorized transfer or use of any means of identification," pursuant to United States Sentencing Guidelines § 2F1.1(b)(5)(C)(i) (Nov. 1, 2000).  Norwood argues that his conduct in opening bank accounts in the names of his deceased mother and uncle to receive their Social Security disability benefits does not fit within the enhancement because he did not harm them or their credit histories.

We review the district court's findings of fact for clear error and its application of the Sentencing Guidelines to those facts de novo.  See United States v. Crawford, 407 F.3d 1174, 1177–78 (11th Cir. 2005).  Pursuant to U.S.S.G. § 2F1.1(b)(5)(C)(i) of the 2000 Guidelines Manual, the "identity theft" enhancement, a defendant's base offense level is increased by two levels if the offense involved "the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification."[1]  The application notes state that "means of identification" has the meaning given that

_____

[1] "We apply the version of the Sentencing Guidelines and commentary in effect on the date of sentencing, unless a more lenient punishment would result under the Guidelines version in effect on the date the offense was committed."  United States v. Simon, 168 F.3d 1271, 1272 n. 1 (11th Cir. 1999).

2

term in 18 U.S.C. § 1028(d): "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any . . . social security number, . . . driver's license or identification number." See U.S.S.G. § 2F1.1, cmt. n.15; 18 U.S.C. § 1028(d)(7).[2] The application notes include the following example, among others, for when this enhancement applies: "A defendant obtains an individual's name and social security number from a source . . . and obtains a bank loan in that individual's name. In this example, the account number of the bank loan is the other means of identification that has been obtained unlawfully." U.S.S.G. § 2F1.1, cmt. n.16(A).

The district court did not err in imposing an identity theft enhancement pursuant to U.S.S.G. § 2F1.1(b)(5)(C)(i). At sentencing, Special Agent Shondell Douglas of the SSA testified that in 2000, the SSA was directed to deposit the benefit checks of Norwood's deceased mother and uncle into bank accounts in their names. Norwood admitted that he used his relatives' names to open the bank accounts. Though Norwood had a joint account with his uncle at the time of his death, Norwood closed the account in 1979. The names of his mother and uncle were the means of identification. Norwood used those means to produce another means of identification: the bank account numbers. Accordingly, the identity theft

_____

[2] The 2000 Guidelines Manual directs readers to 18 U.S.C. § 1028(d)(3), however the "means of identification" definition is now located at § 1028(d)(7).

3

enhancement applies.  See U.S.S.G. § 2F1.1(b)(5)(C)(i).  Norwood's contention that his mother and uncle suffered no injury, financial or otherwise, as a result of the identity theft is without merit because nothing in the guideline or application notes suggests that a lack of injury should bar the application of the enhancement.

**AFFIRMED.**