**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3514

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Martin Briones-Mata, also known as | * | District of Nebraska. |
| Martin Brigones, also known as Martin | * | [UNPUBLISHED] |
| Brigida, also known as Juan Torres, | * | |
| also known as Martin Brinoes, | * | |
| also known as Martin Briones, also | * | |
| known as Juan Castillo, also known | * | |
| as Martin Mata Briones, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  April 16, 1997
Filed:  May 12, 1997

_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Martin Briones-Mata pleaded guilty to illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326(a). The district court[1] sentenced him to 48 months' imprisonment. Briones-Mata appeals, and we affirm.

Briones-Mata argues that the district court erred in imposing a sixteen-level enhancement under U.S. Sentencing Guidelines Manual § 2L1.2(b)(2) (1995). He contends that the term "aggravated felony" as used in that section does not include his Florida felony conviction for purchasing marijuana, as that offense would have been only a misdemeanor under federal law. See 21 U.S.C. § 844(a). We review de novo the district court's interpretation of the Guidelines. See United States v. Cadotte, 57 F.3d 661, 662 (8th Cir. 1995) (per curiam), cert. denied, 116 S. Ct. 783 (1996).

Under section 2L1.2(b)(2), a sixteen-level enhancement applies if the defendant previously was deported after a conviction for an "aggravated felony." The commentary to section 2L1.2 defines "aggravated felony" to include:

> any illicit trafficking in any controlled substance (as defined in 21 U.S.C. § 802), including any drug trafficking crime as defined in 18 U.S.C. § 924(c)(2) . . . . The term "aggravated felony" applies to offenses described in the previous sentence whether in violation of federal or state law . . . .

U.S. Sentencing Guidelines Manual § 2L1.2, comment (n.7) (1995). Section 924(c)(2), in turn, defines the term "drug trafficking crime" as including "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." The term "felony" is defined for the purposes of the Controlled Substances Act (CSA) as "any Federal or

---

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

State offense classified by applicable Federal or State Law as a felony."  21 U.S.C. § 802(13).

In <u>United States v. Haggerty</u>, 85 F.3d 403, 406 (8th Cir. 1996), we concluded that a California felony drug-possession conviction qualified as an aggravated felony because it was punishable under the CSA and was a felony under both federal and state law.  Our analysis does not stop here, however, as Briones-Mata's Florida conviction would have been only a misdemeanor under the CSA.  Nevertheless, we agree with the First Circuit that a state drug offense can be an aggravated felony "if the offense is classified as a felony under the law of the relevant state, even if the same offense would be punishable only as a misdemeanor under federal law."  <u>See</u> <u>United States v. Restrepo-Aguilar</u>, 74 F.3d 361, 365 (1st Cir. 1996).[2]  Thus, we conclude the district court properly imposed the sixteen-level enhancement because Briones-Mata's Florida conviction was a "felony" for the purposes of the CSA, <u>see</u> 21 U.S.C. § 802 (13), a "drug trafficking crime" under section 924(c)(2), and therefore an "aggravated felony" for purposes of section 2L1.2(b)(2).

Briones-Mata's argument that the term "aggravated felony" includes only drug crimes with a distribution element is without merit.  <u>See</u> <u>Restrepo-Aguilar</u>, 74 F.3d at 364 n.5.  We also reject Briones-Mata's argument that <u>United States v. Taylor</u>, 495 U.S. 575, 599 (1990) (formulating "generic" definition of burglary), prohibits looking

---

[2]The First Circuit relied in part on <u>Jenkins v. INS</u>, 32 F.3d 11, 13-14 (2d Cir. 1994) (holding that alien's state drug conviction that was felony under state law, but misdemeanor under federal law, qualified as "aggravated felony" under statute providing that alien convicted of aggravated felony is not entitled to automatic stay of deportation pending petition for review).  The Second Circuit subsequently overruled <u>Jenkins</u>.  <u>See</u> <u>Aguirre v. INS</u>, 79 F.3d 315, 316 (2d Cir. 1996).  Having considered the supplemental briefing submitted by the parties at our request, we conclude that <u>Aguirre</u> does not affect our interpretation of the Guidelines or our reliance upon <u>Restrepo-Aguilar</u>.

to state law to determine whether a crime is a felony.  <u>See</u> 495 U.S. at 591-92 (stating that, absent a clear indication of Congress's intent to incorporate diverse state laws into federal criminal statute, meaning of "burglary" must have some uniform definition independent of labels employed by various states).  We believe the definitions of the terms at issue indicate that Congress made a deliberate policy decision to include as an "aggravated felony" a drug crime that is a felony under state law but only a misdemeanor under the CSA.  <u>See</u> <u>Restrepo-Aguilar</u>, 74 F.3d at 366 (noting that any "lack of uniformity is the consequence of a deliberate policy choice by Congress and the Commission that we cannot disregard").

The judgment is affirmed.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-