# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-2979

———————

Jorge E. Herrera-Soto,

             Petitioner,

v.

Immigration and Naturalization
Service,

             Respondent.

\*
\*
\*
\*
\*    Petition for Review of
\*    an Order of the Immigration
\*    and Naturalization Service.
\*
\*    [UNPUBLISHED]
\*
\*

———————

Submitted: March 4, 1999
Filed: May 5, 1999

———————

Before FAGG, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

PER CURIAM.

Jorge E. Herrera-Soto petitions for review of an Immigration and Naturalization Service (INS) order that found him to be deportable based on his conviction for an "aggravated felony," see 8 U.S.C. § 1227(a)(2)(A)(iii) (1994), and directed his removal from the United States.

On appeal, Herrera-Soto argues that although his state cocaine-possession conviction was a felony under state law, it was not an "aggravated felony" for purposes of the Immigration and Naturalization Act. Courts do not have jurisdiction to review

a final order of removal against an alien who is removable by reason of a conviction for an "aggravated felony." See 8 U.S.C. § 1252(a)(2)(C); Mendez-Morales v. INS, 119 F.3d 738, 739 (8th Cir. 1997) (per curiam). Nevertheless, when judicial review depends on a particular fact or legal conclusion, a court may determine whether that condition exists. See Yang v. INS, 109 F.3d 1185, 1192 (7th Cir.) (discussing nearly identical prior version of this jurisdictional provision), cert. denied, 18 S. Ct. 624 (1997); see also In re Gaines, 932 F.2d 729, 731 (8th Cir. 1991) (court of appeals has jurisdiction to determine whether it has jurisdiction).

An "aggravated felony" includes any drug trafficking crime as defined by 18 U.S.C. § 924(c), whether the offense is in violation of federal or state law. See 8 U.S.C. § 1101(a)(43)(B). Section 924(c)(2) in turn defines "drug trafficking crime" to mean "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)" (CSA). The CSA defines "felony" as "any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13). Simple possession of cocaine is punishable in federal court as a misdemeanor under the CSA, see 21 U.S.C. § 844(a) (authorizing not more than 1 year imprisonment for possession of controlled substance); 18 U.S.C. § 3559(a)(6) (offense is misdemeanor if maximum term of imprisonment is 1 year), but Herrera-Soto's cocaine-possession offense was a felony under Texas law. Therefore, we conclude his offense was an "aggravated felony" within the meaning of section 1101(a)(43). See United States v. Haggerty, 85 F.3d 403, 406 (8th Cir. 1996) (under § 1101(a)(43), prior conviction is "aggravated felony" if it is punishable under CSA and is felony); United States v. Briones-Mata, 116 F.3d 308, 309 (8th Cir. 1997) (per curiam) (state felony conviction for purchasing marijuana--which would have been misdemeanor under CSA possession provision--was nonetheless "felony" for purposes of CSA, "drug trafficking crime" under § 924(c)(2), and thus "aggravated felony").[1]

_____

[1]Although Briones-Mata involved application of U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (providing for 16-level enhancement for offense of unlawfully

Accordingly, we dismiss for lack of jurisdiction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

entering or remaining in United States when defendant was previously deported for, or remained after conviction for, "aggravated felony"), it is binding on us because it ultimately construed § 1101(a)(43), the statute at issue here. See U.S.S.G. § 2L1.2, commentary n.7 (1995) (defining "aggravated felony" by reference to § 1101(a)(43)). See United States v. Wright, 22 F.3d 787, 788 (8th Cir. 1994) (subsequent panel is bound by prior panel decision). Briones-Mata rejected a Second Circuit case that followed a Bureau of Immigration Affairs case that held that an "aggravated felony" had to be classified as a felony under federal law, regardless of its classification under state law. See Briones-Mata, 116 F.3d at 309 n.2 (rejecting Aguirre v. INS, 79 F.3d 315 (2d Cir. 1996)). Thus, Herrera-Soto's argument relying on Aguirre is foreclosed.