**Zita Marie Valerie SOMAKOKO, also known as Zita Marie Valerie Camara, Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States of America, Respondent.**

No. 04–1582.

United States Court of Appeals, Eighth Circuit.

Submitted: Dec. 17, 2004.

Filed: March 1, 2005.

Benjamin Casper, argued, West St. Paul, Minnesota, for appellant.

Mark S. Davies, argued, U.S. Department of Justice, Washington, D.C. (Michael S. Raab, U.S. Department of Justice, Washington, D.C., on the brief), for appellee.

Before LOKEN, Chief Judge, MORRIS SHEPPARD ARNOLD and RILEY, Circuit Judges.

LOKEN, Chief Judge.

Zita Marie Valerie Somakoko is a thirty-one-year-old native and citizen of the Central African Republic. She grew up in the Emperor's palace in Bangui, Central African Republic, because her parents were related to Emperor Jean–Bedel Bokassa and to Dada Dacko, who overthrew Bokassa in 1979. The family scattered in 1984 when Dacko was removed from power. Ms. Somakoko and three siblings settled with their father in Guinea, where she lived without incident for fourteen years, receiving a high school and college education financed by the Catholic Church in Guinea. She entered the United States on a Guinean passport in July 1998, remained beyond her January 1999 visa expiration date, and filed an application for asylum, withholding of removal, and relief under the Convention Against Torture in October 1999.

The Immigration Judge (IJ) held a hearing on the application on five separate days between June 2000 and September 2002. After one lengthy continuance, and

before the completion of Ms. Somakoko's testimony, the government agreed that she was entitled to withholding of removal to the Central African Republic. The hearing then continued on the question whether Ms. Somakoko should be denied asylum, either because her asylum application was not filed within one year of her arrival in the United States, as 8 U.S.C. § 1158(a)(2)(B) requires, or because she firmly resettled in Guinea prior to coming to this country, see 8 U.S.C. § 1158(b)(2)(A)(vi). Following the hearing and the submission of post-hearing briefs and argument, the IJ issued a written decision denying asylum on both grounds. The Board of Immigration Appeals affirmed without opinion. Ms. Somakoko now petitions for review of the agency's final action. We deny her petition.

Ms. Somakoko concedes, as she must, that Congress has expressly precluded judicial review of the Attorney General's determination that an asylum application is untimely. See 8 U.S.C. § 1158(a)(3); *Ismailov v. Reno*, 263 F.3d 851 (8th Cir. 2001). She argues, however, that we have jurisdiction to consider substantial constitutional questions, including whether she was denied due process because of a fundamentally unfair removal proceeding. Her hearing was fundamentally unfair, Ms. Somakoko argues, because the IJ foreclosed testimony that would have entitled her to a discretionary exception to the one-year filing requirement for "extraordinary circumstances relating to the delay in filing an application within the period specified." 8 U.S.C. § 1158(a)(2)(D).

 An alien has a right to procedural due process in removal proceedings. *See generally Al Khouri v. Ashcroft*, 362 F.3d 461, 464–66 (8th Cir.2004). However, the

government argues with some force that procedural due process review of an agency decision that we may not review on the merits "would undermine the statutory bar on judicial review of timeliness rulings by the Attorney General."[1] On the other hand, courts are understandably reluctant to conclude that Congress intended to preclude all judicial review of constitutional issues, including procedural due process claims. *Cf. I.N.S. v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). Indeed, one of our sister circuits recently remanded, on procedural due process grounds, a BIA decision that upheld an untimeliness determination without explaining the factual basis for the determination. *Gjyzi v. Ashcroft*, 386 F.3d 710, 713–14 (6th Cir.2004).

In this case, we need not decide the troubling question whether relief from an untimeliness ruling may *ever* be granted on procedural due process grounds because Ms. Somakoko has failed to demonstrate that her removal proceedings were fundamentally unfair. At the hearing, Ms. Somakoko submitted documents and testimony suggesting that she attempted to file an asylum application in June 1999, within the one-year period. This was relevant evidence, because the governing regulations define the statutory term "extraordinary circumstances" to include a timely application that "was rejected by the Service as not properly filed, was returned to the applicant for corrections, and was refiled within a reasonable period thereafter." 8 C.F.R. § 208.4(a)(5)(v). In this case, however, the agency had no record of a June 1999 filing by Ms. Somakoko, and she could produce no evidence that the agency had returned a timely application for corrections. Accordingly, the IJ found

1. "We have never held ... that Congress may not, by explicit language, preclude judicial review of constitutional claims." *McNary v.* *Haitian Refugee Center, Inc.*, 498 U.S. 479, 504, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991) (Rehnquist, C.J., dissenting).

that she did not file her asylum application until October 1999, some months beyond the one-year deadline.

 In her post-hearing brief and argument, Ms. Somakoko argued, as she now does on appeal, that the IJ had foreclosed other evidence of extraordinary circumstances relating to the delay in filing, namely, "that she was pregnant when she arrived in this country, that she gave birth to her son months later, and that she was forced to fend for herself and her infant child after her sponsor abandoned her." But the hearing record reflects that such evidence was never offered, despite the fact that Ms. Somakoko and her counsel had ample time to prepare for each session, and she testified extensively both before and after the IJ announced that the application for asylum appeared to be time-barred. Moreover, in the written decision issued after submission of Ms. Somakoko's post-hearing brief and argument, the IJ found that "she has not shown that she qualifies for an exception to the 1–year deadline." There is no indication that the IJ failed to consider Ms. Somakoko's post-hearing argument regarding extraordinary circumstances, and we have no jurisdiction to review the merits of the IJ's determination.

On appeal, Ms. Somakoko also challenges the IJ's decision that she firmly resettled in Guinea before coming to the United States. *See generally Rife v. Ashcroft*, 374 F.3d 606, 610–12 (8th Cir.2004). However, counsel conceded at oral argument that, given the facts and procedural history of this case, the resettlement issue is relevant only to Ms. Somakoko's time-barred application for asylum, not her application for withholding of removal or relief under the Convention Against Torture. Accordingly, we need not consider the resettlement issue. Finally, Ms. Somakoko argues that the Attorney General exceeded his authority when he adopted the affirmed-without-opinion regulation, 8 C.F.R. § 1003.1(e)(4), and that the BIA improperly applied the regulation when it affirmed without opinion in this case. We have repeatedly rejected these contentions as beyond our judicial review authority. *See Ngure v. Ashcroft*, 367 F.3d 975, 988 (8th Cir.2004).

For the foregoing reasons, we deny the petition for review.