**Agustin ORTIZ–CORNEJO, Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States, Respondent.**

No. 03–3986.

United States Court of Appeals, Eighth Circuit.

Submitted: Dec. 16, 2004.

Filed: March 11, 2005.

Counsel who represented the appellant was Robert Frager, Kansas City, Missouri.

Counsel who represented the appellee was Robbin K. Blaya, Peter D. Keisler, and Terry J. Scadron, all of Washington, D.C.

Before MELLOY, BOWMAN, and BENTON, Circuit Judges.

BOWMAN, Circuit Judge.

Agustin Ortiz–Cornejo, a native and citizen of Mexico, petitions for review of a final order of removal issued by the Board of Immigration Appeals (Board) on November 26, 2003, and the Board's denial of his application for cancellation of removal. We reverse and remand.

Ortiz–Cornejo first entered the United States without inspection in February 1987. In April 1996, Ortiz–Cornejo returned to Mexico to visit his parents. In May 1996, he twice attempted to reenter the United States but was stopped at the border by immigration officers and allowed to return to Mexico voluntarily. In May or June 1996, Ortiz–Cornejo successfully reentered the United States without having been admitted or paroled.[1]

On July 25, 2001, the Immigration and Naturalization Service (INS)[2] commenced removal proceedings against Ortiz–Cornejo by issuing a notice to appear alleging that Ortiz–Cornejo was removable as an alien having entered the United States without having been admitted or paroled. Ortiz–Cornejo admitted the factual allegations contained in the notice to appear and

---

1. The Attorney General may, in his discretion and on a case-by-case basis, temporarily "parole" an alien into the United States for "urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A) (2000).

2. The INS was renamed the Bureau of Immigration and Customs Enforcement after it was transferred to the Department of Homeland Security.

conceded removability but claimed that he was eligible for cancellation of removal under 8 U.S.C. § 1229b (2000).

The Immigration Judge (IJ) determined that Ortiz–Cornejo was removable under 8 U.S.C. § 1182(a)(6)(A)(i) (2000) as an alien present in the United States without being admitted or paroled. Although the IJ acknowledged that Ortiz–Cornejo presented a compelling case for cancellation of removal, he nevertheless concluded that the border stops in 1996 interrupted the ten years' continuous physical presence in the United States required to qualify for cancellation-of-removal relief. The Board summarily affirmed the IJ's ruling.

██ On appeal, Ortiz–Cornejo argues that the Board erred in affirming the IJ's denial of cancellation-of-removal relief. Because Ortiz–Cornejo conceded removability, the only issue presented on appeal is whether the IJ erred in finding that Ortiz–Cornejo's 1996 encounters with immigration officers at the United States border interrupted the continuous physical presence required for cancellation-of-removal relief.[3] Although a discretionary decision "regarding the granting of relief under 8 U.S.C. § 1229b is not subject to judicial review," 8 U.S.C. § 1252(a)(2)(B) (2000), the nondiscretionary determinations underlying such a decision are subject to our review, see Reyes–Vasquez v. Ashcroft, 395 F.3d 903, 906, 2005 WL 147116, at *2 (8th Cir.2005). Whether an alien has complied with § 1229b's continuous-physical-presence requirement is a nondiscretionary determination that we may review. See id. at *2; see also Morales–Morales v. Ashcroft, 384 F.3d 418, 423 (7th Cir.2004); Mireles–Valdez v. Ashcroft, 349 F.3d 213, 217 (5th Cir.2003). We review the Board's

interpretation of immigration statutes with substantial deference. See Reyes–Vasquez, 395 F.3d at 906, 2005 WL 147116, at *2.

██ Voluntary departure under threat of deportation may serve to interrupt the continuous physical presence required for cancellation-of-removal relief. Palomino v. Ashcroft, 354 F.3d 942, 944 (8th Cir.2004) (citing Board's interpretation of § 1229b in In re Romalez–Alcaide, 23 I & N. Dec. 423, 424 (2002) (en banc)). After briefs in this case were filed, we held in Reyes–Vasquez that in order to establish that a voluntary departure was made under threat of deportation, the record must show some evidence that the threat of deportation was expressed by immigration officials and understood by the alien. 395 F.3d at 906, 2005 WL 147116, at *2. It is not sufficient that an alien was simply turned back at the border unless there was an express threat of deportation or removal. Id.

██ In this case, Ortiz–Cornejo admitted in his application for cancellation of removal that on two occasions in May 1996 he attempted to enter the United States but was stopped by immigration officers and allowed to return to Mexico voluntarily. The record contains no evidence, however, that Ortiz–Cornejo's voluntary departure from the United States occurred under threat of deportation or removal proceedings. In fact, counsel for the INS acknowledged at the removal hearing that "the [INS] has no documentary evidence to submit to substantiate" that Ortiz–Cornejo was even stopped at the border in 1996, much less that he was informed that he could face deportation or removal proceedings should he refuse to voluntarily

---

**3.** Continuous physical presence ends if an alien departs from the United States "for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days." 8 U.S.C. § 1229b(d)(2). Although Ortiz–Cornejo did depart the United States, he did not exceed these time limits.

depart the United States. Administrative Record of June 11, 2002, Removal Hearing at 000075. Without evidence that Ortiz–Cornejo voluntarily departed the United States under an express threat of deportation or removal, the record does not support the IJ's determination that Ortiz–Cornejo's continuous physical presence in the United States was interrupted. We therefore remand the case to the Board for further proceedings consistent with this opinion.