# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1488

_____

Salvador Ornelas,                          *
                                           *
                 Petitioner,               *
                                           *   Petition for Review
        v.                                 *   of an Order of the
                                           *   Board of Immigration Appeals.
Alberto Gonzales,[1] Attorney General      *
of the United States,                      *   [UNPUBLISHED]
                                           *
                 Respondent.               *

_____

Submitted: April 4, 2005
Filed: June 13, 2005

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Salvador Ornelas petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed an Immigration Judge's (IJ's) order of removal and denial of Ornelas's request for cancellation of removal. We deny the petition.

_____

[1]Alberto Gonzales has been appointed to serve as Attorney General of the United States, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

Ornelas, a native of Mexico, was admitted to the United States in 1988 as a lawful permanent resident (LPR). On July 18, 2000, Ornelas pleaded guilty in Sedgwick County, Kansas, to a felony charge of possessing cocaine, and on August 21, 2000, Ornelas pleaded guilty, again in Sedgwick County, to driving under the influence of alcohol (DUI). In April 2001 an IJ found Ornelas removable as an alien who, after admission to the United States, had been convicted of a controlled-substance offense (the cocaine-possession conviction), see 8 U.S.C. § 1227(a)(2)(B)(i), and as an alien convicted of an aggravated felony (the DUI), see 8 U.S.C. §§ 1101(a)(43)(F), 1227(a)(2)(A)(iii). The IJ also found Ornelas ineligible to apply for cancellation of removal because his DUI conviction was an aggravated felony. See 8 U.S.C. § 1229b(a) (LPR may apply for cancellation of removal if he has been an LPR for at least 5 years, has resided in the United States continuously for 7 years, and has not been convicted of an aggravated felony). In October 2001 the BIA affirmed the IJ's finding of removability, but reversed the IJ's finding that Ornelas's DUI conviction was an aggravated felony and remanded the case to permit Ornelas to apply for cancellation of removal.

In May 2002 Ornelas submitted an application for cancellation of removal. In November 2002 the INS lodged an additional charge against Ornelas claiming that he was removable under section 1227(a)(2)(A)(iii) because his Kansas felony cocaine-possession conviction was an aggravated felony (as well as a controlled-substance offense). In December 2002 the IJ found Ornelas was ineligible for cancellation of removal, agreeing with the INS that Ornelas's cocaine-possession conviction was an aggravated felony, and ordered him removed. See United States v. Briones-Mata, 116 F.3d 308, 309 (8th Cir. 1997) (per curiam) (state drug offense is "an aggravated felony" for purposes of Guidelines sentencing enhancement if offense is classified as felony under law of relevant state); In re Yanez-Garcia, 23 I. & N. Dec. 390, 393-98 (BIA 2002) (resorting to circuit law on sentencing, in the

absence of law in circuit in immigration context, for definition of aggravated felony). Ornelas appealed to the BIA, which summarily affirmed.[2]

Although the decision to grant cancellation of removal under section 1229b is an unreviewable discretionary act by the Attorney General, see 8 U.S.C. § 1252(a)(2)(B), the nondiscretionary determinations underlying such a decision are subject to our review, see Ortiz-Cornejo v. Gonzales, 400 F.3d 610, 612 (8th Cir. 2005) (finding appeals court had jurisdiction to review IJ's decision that LPR did not meet continuous-physical-presence requirement, and thus was ineligible for cancellation relief); Reyes-Vasquez v. Ashcroft, 395 F.3d 903, 906 (8th Cir. 2005) (same). We also have jurisdiction to consider substantial constitutional challenges in the immigration context. See Somakoko v. Gonzales, 399 F.3d 882, 882-84 (8th Cir. 2005) (reviewing alien's due process claim); Vasquez-Velezmoro v. INS, 281 F.3d 693, 695-96 (8th Cir. 2002) (reviewing alien's equal protection claim).

Ornelas asserts that in July 2000, when he entered his guilty plea to the Kansas cocaine-possession charge, he relied on the fact that his conviction would not have been classified as an aggravated felony under the BIA's "hypothetical felony rule." At that time, when there was no immigration law in the applicable federal circuit that defined "aggravated felony," the BIA would follow the so-called hypothetical felony rule: a state drug offense was considered an aggravated felony only if it was analogous to an offense punishable as a felony under federal drug laws. See In re K-V-D-, 22 I. & N. Dec. 1163, 1168-1174 (BIA 1999). Under the hypothetical felony rule, Ornelas's cocaine-possession charge would not have been considered an aggravated felony because under federal law simple cocaine possession is classified only as a misdemeanor. See 21 U.S.C. § 844(a) (authorizing not more than 1 year

---

[2]The IJ's decision, therefore, constitutes the final agency determination for purposes of judicial review. See Dominguez v. Ashcroft, 336 F.3d 678, 679 n.1 (8th Cir. 2003).

imprisonment for possession of controlled substance); 18 U.S.C. § 3559(a) (offense is misdemeanor if maximum term of imprisonment is 1 year or less). After Ornelas pleaded guilty, the BIA issued Yanez-Garcia, which used sentencing law as the default rule rather than the hypothetical felony rule, and essentially overruled In re K-V-D-. Ornelas argues that classifying his cocaine-possession conviction as an aggravated felony under Yanez-Garcia and Eighth Circuit precedent in the sentencing context violated his due process rights. We disagree.

When Ornelas pleaded guilty to the Kansas felony cocaine-possession charge in July 2000, we had explicitly rejected the hypothetical felony approach in the Guidelines context and considered a state drug-possession conviction to be an aggravated felony, see Briones-Mata, 116 F.3d at 309; and further, in the immigration context, we had rejected the hypothetical felony rule and had held that a state felony cocaine-possession conviction was an aggravated felony, see Herrera-Soto v. INS, No. 98-2979, 1999 WL 272422, at *1 (8th Cir. May 5, 1999) (unpublished per curiam). The initial venue determination in removal proceedings is determined by the INS District Director who files the charging document. See 8 C.F.R. §§ 1003.14 and 1003.20 (2004); Matter of Seren, 15 I. & N. Dec. 590, 591-92 (BIA 1976). Thus, it was entirely foreseeable, at the time that Ornelas entered the guilty plea, that he could be subject to removal proceedings in the Eighth Circuit, as in fact occurred in this case. To the extent that Ornelas relied on the hypothetical felony rule when he entered his guilty plea, that reliance was not reasonable and no due process violation occurred.

Accordingly, we deny the petition.

_____