# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2397

_____

Jose Antonio Lopez,  *
                     *
        Petitioner,  *
                     *
        v.           *     Appeal from the Board of
                     *     Immigration Appeals.
Alberto Gonzales,[1] Attorney  *
General of the United States,  *
                     *
        Respondent.  *
                     *

_____

Submitted: June 24, 2005
Filed: August 9, 2005

_____

Before MELLOY, HEANEY, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Jose Antonio Lopez appeals an order of the Board of Immigration Appeals ("BIA") pretermitting and denying his application for cancellation of removal. Lopez argues that his state-law conviction for aiding and abetting the possession of a

_____

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Alberto Gonzales is substituted automatically for his predecessor, John Ashcroft, as respondent.

controlled substance is not an aggravated felony for purposes of the Immigration and Naturalization Act ("INA"). For the reasons discussed below, we affirm.

## I.    BACKGROUND

Petitioner Jose Antonio Lopez entered the United States in 1986 and adjusted his status to legal permanent residency as a Seasonal Agricultural Worker in 1990. In September 1997, Lopez was convicted of aiding and abetting the possession of a controlled substance (cocaine) in South Dakota. The conviction was a felony under South Dakota law.

The Immigration and Naturalization Service ("INS") initiated removal proceedings against Lopez in 1998. The INS argued that his drug conviction established two separate grounds for removal: it was both a controlled substance violation under INA § 237(a)(2)(B)(i) and an aggravated felony conviction based on drug trafficking under INA § 237(a)(2)(A)(iii). The INS later added charges that Lopez fraudulently obtained his original adjustment of status in 1990. Lopez conceded removability for the controlled substance violation but filed an application for cancellation of removal as a long-time permanent resident pursuant to INA § 240A(a).

In November 2002, the Immigration Judge (IJ) found Lopez removable on both the controlled-substance-violation and aggravated-felony grounds. The IJ also pretermitted and denied Lopez's application for cancellation of removal because INA § 240A(a), 8 U.S.C. § 1229b(a), forbids the Attorney General to cancel removal for an alien convicted of an aggravated felony. The BIA affirmed the IJ's order with a short opinion. Lopez timely appeals the pretermission and denial of his application for cancellation of removal, arguing that his South Dakota conviction was not an aggravated felony for purposes of the INA.

## II. DISCUSSION

We first address our jurisdiction to hear Lopez's appeal. Lopez's eligibility for cancellation of removal is governed by INA § 240A. The INA states that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 240A." INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B). However, the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, has added an additional jurisdictional provision to INA § 242. The new provision, INA § 242(a)(2)(D), codifies our jurisdiction to review constitutional claims or questions of law raised in petitions for review of decisions made by the Attorney General under INA § 240A and other sections. *See Fernandez-Ruiz v. Gonzales*, 410 F.3d 585, 587 (9th Cir. 2005). Furthermore, the amendment was intended to be retroactive, applying to direct review of orders issued before, on or after the date of the enactment. REAL ID Act § 106(b); *Fernandez-Ruiz*, 410 F.3d at 587. In this case, Lopez raises a question of law as to whether his conviction in South Dakota state court meets the INA definition of aggravated felony. As amended, INA § 242 makes clear that we have jurisdiction to review this claim.

"We review the BIA's legal determinations de novo, 'according substantial deference to the [BIA's] interpretation of the statutes and regulations it administers.'" *Regalado-Garcia v. INS*, 305 F.3d 784, 787 (8th Cir. 2002) (quoting *Tang v. INS*, 223 F.3d 713, 718-19 (8th Cir. 2000)). We review the BIA's interpretation of federal criminal statutes de novo without according any deference. *Omar v. INS*, 298 F.3d 710, 714 (8th Cir. 2002), *overruled in part on other grounds*, *Leocal v. Ashcroft*, 125 S. Ct. 377, 380 (2004).

The requirements for eligibility for cancellation of removal for permanent residents are as follows:

The Attorney General may cancel removal in the case of an alien who

is inadmissible or deportable from the United States if the alien--
(1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
(2) has resided in the United States continuously for 7 years after having been admitted in any status, and
(3) has not been convicted of any aggravated felony.

INA § 240A(a), 8 U.S.C. § 1229b(a).

Lopez argues that his South Dakota conviction for possession of a controlled substance was not an aggravated felony for the purposes of the INA because, although it was a felony under South Dakota law, it would not have qualified as a felony under federal law. However, the plain language of the INA, and of the other statutes it refers to, states that any drug conviction that would qualify as a felony under either state or federal law is an aggravated felony. An aggravated felony is defined as "illicit trafficking in a controlled substance . . ., including a drug trafficking crime (as defined in section 924(c) of title 18, United States Code)." INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B). In turn, a drug trafficking crime is "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.)." 18 U.S.C. 924(c)(2). Finally, "[t]he term 'felony' is defined for the purposes of the Controlled Substances Act (CSA) as 'any Federal or State offense classified by applicable Federal or State Law as a felony.'" *United States v. Briones-Mata*, 116 F.3d 308, 309 (8th Cir. 1997) (quoting 21 U.S.C. § 802(13)).

In other words, for INA purposes, a drug trafficking crime is an offense which would be punishable under 21 U.S.C. §§801 et seq., and which would qualify as a felony under either state or federal law. *Briones-Mata*, 116 F.3d at 310 ("[T]he definitions of the terms at issue indicate that Congress made a deliberate policy decision to include as an 'aggravated felony' a drug crime that is a felony under state law but only a misdemeanor under the CSA."); *accord United States v. Hernandez-Avalos*, 251 F.3d 505, 510 (5th Cir. 2001); *but see Cazarez-Gutierrez v. Ashcroft*, 382

-4-

F.3d 905, 910-11 (9th Cir. 2004) (relying on "the presumption that immigration laws should be interpreted to be nationally uniform, evidence that Congress intended uniformity, and prudential concerns" in agreeing with the Second and Third Circuits that "state felony drug offenses are not aggravated felonies for immigration purposes unless the offense contains a trafficking element or is punishable as a felony under the federal laws enumerated in 18 U.S.C. § 924(c)(2)").

Lopez's South Dakota conviction for aiding and abetting the possession of a controlled substance was a felony under state law, even though it only would have qualified as a misdemeanor under federal law. Accordingly, following *Briones-Mata*, we hold that Lopez's state-law drug conviction is an aggravated felony for INA purposes.

Lopez contends that the BIA's reliance on Eighth Circuit precedent in finding that his conviction constituted an aggravated felony was an impermissible retroactive application of a new rule. At the time Lopez was convicted in South Dakota, it was the BIA's position that only crimes which would have qualified as felonies under federal law could support a finding of an aggravated felony. *See Matter of L--- G---*, 21 I. & N. Dec. 89 (BIA 1995). Later, in *In re Yanez*, the BIA reversed its earlier position, ruling that:

> [I]n those circuits that have spoken, the determination whether a state drug conviction constitutes a 'drug trafficking crime' under § 924(c)(2), and therefore an aggravated felony under section 101(a)(43)(B) of the Act, shall be made by reference to applicable circuit law, and not by reference to any legal standard articulated by this Board.

23 I. & N. Dec. 390, 397 (BIA 2002). In finding that Lopez's South Dakota conviction was an aggravated felony, the IJ cited the *Yanez* rule and accordingly applied our precedent from *Briones-Mata*. The BIA expressly affirmed the IJ's reasoning.

Lopez cites *INS v. St. Cyr*, 533 U.S. 289 (2001), for the proposition that the BIA's "retroactive" application of the *Yanez* rule violated his due process rights. In that case, St. Cyr pleaded guilty to an aggravated felony conviction in March 1996. At the time of his plea, an aggravated felony would not have prevented St. Cyr from obtaining a waiver of deportation (analogous to "cancellation of removal") under INA § 212(c); by the time of his deportation hearing in April 1997, however, § 212(c) had been repealed and replaced with § 240A, under which the aggravated felony barred him from cancellation of removal. The Supreme Court, citing traditional presumptions against the retroactive application of amended statutes, held that aliens who had pleaded guilty to an aggravated felony before the replacement of § 212(c) with § 240A were still eligible to seek cancellation of removal.

In contrast to *St. Cyr*, Lopez pleaded guilty to an aggravated felony in September 1997, months after § 212(c) had been repealed and replaced with § 240A. To avoid the consequences of his aggravated felony, Lopez argues detrimental reliance not on a repealed section of the INA that was in effect at the time of his plea, but rather on the BIA's interpretation of a federal criminal statute at the time of his plea—an interpretation that had no legal force in the Eighth Circuit. *See Hernandez-Avalos*, 251 F.3d at 508 n.3 ("If a circuit court's interpretation of 'aggravated felony' is different from the BIA's interpretation, the INS is bound by the decisions of the circuit court in removal proceedings arising in that circuit."); *Yanez*, 23 I. & N. Dec. 390, 394-96. *Briones-Mata* was published several months before Lopez's guilty plea in South Dakota and was settled law for removal proceedings arising in the Eighth Circuit regardless of the BIA's conflicting policy at the time of Lopez's plea. *See, e.g., Amaral v. INS*, 977 F.2d 33, 36 n.3 (1st Cir. 1992) (noting that a state-law felony conviction was an "aggravated felony" for INA purposes, despite the BIA's failure to rely on that ground). Therefore, the BIA did not retroactively apply a rule in concluding that Lopez's conviction was an aggravated felony for the purposes of the INA under Eighth Circuit precedent.

## III. CONCLUSION

We affirm the BIA's order pretermitting and denying Lopez's application for cancellation of removal.

_____