# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1053

_____

Tomas Tostado,

      Appellant,

v.

Ken Carlson, Interim Deputy Field
Office Director; Bureau of Immigration
and Customs Enforcement, Department
of Homeland Security,

      Appellees.

\* \* \* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
Eastern District of Missouri.

_____

Submitted: November 14, 2005
Filed: February 3, 2006

_____

Before SMITH, HEANEY, and BENTON, Circuit Judges.

_____

SMITH, Circuit Judge.

Tomas Tostado appeals the district court's[1] denial of his habeas petition. Tostado argues that his state-law convictions for the unlawful possession of cocaine and unlawful possession of cannabis are not aggravated felonies for purposes of the

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

Immigration and Naturalization Act ("INA"). For the reasons discussed below, we affirm.

## I. *Background*

Petitioner Tomas Tostado is a native and citizen of Mexico who entered the United States on November 29, 1984, as a lawful permanent resident. Tostado has never become a naturalized citizen. On May 2, 2001, Tostado was convicted in Illinois state court for the unlawful possession of cocaine, a class 1 felony, and the unlawful possession of cannabis, a class 4 felony.

Because of Tostado's convictions, Immigration and Naturalization Service (INS) special agents in St. Louis, Missouri, arrested him. The INS served Tostado a notice to appear—a charging document for removal proceedings filed with the appropriate United States immigration court. INS filed the charging document with the immigration court in Chicago for a hearing in St. Louis, which was initially set for October 23, 2001. The immigration court reset Tostado's hearing on his application for relief from deportation until October 8, 2002.

Before Tostado's hearing, the INS filed an additional removal charge against Tostado, charging him as removable for having committed an aggravated felony based upon *Matter of Yanez*, 23 I&N Dec. 390 (BIA 2002). In that case, the Bureau of Immigration Appeals (BIA) reversed its prior holding that a first-time state felony drug conviction was not a "drug trafficking crime" within the federal law. Under *Yanez*, a state felony drug conviction is properly classified as an aggravated felony under § 101(a)(43)(b) of the INA, 8 U.S.C. § 1101(a)(43)(B). An alien who is removable from the United States for committing an aggravated felony may not seek the relief of cancellation of removal. 8 U.S.C. § 1229b(a)(3).

At Tostado's hearing, the immigration judge denied his relief application and ordered him deported to Mexico. The BIA denied Tostado's appeal. The day before

Tostado's removal, he filed the instant habeas petition. The district court denied his petition, finding that under Eighth Circuit law and the BIA's decision in *Yanez*, Tostado's offense was an "aggravated felony" within the meaning of § 1101(a)(43). Tostado appeals, arguing that simple possession of cocaine is not a "drug trafficking crime," and thus not an "aggravated felony," and that the BIA's application of *Yanez* to him was an impermissible retroactive application of a new rule, which violates precepts of substantive and procedural due process.

## II. *Analysis*

### A. *Jurisdiction*

We have jurisdiction to review final orders of the district court in habeas corpus proceedings pursuant to 28 U.S.C. § 2253. In addition, the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231, amends portions of § 242 of the INA, 8 U.S.C. § 1252, and clarifies the scope of judicial review of removal orders. Pursuant to § 106 of the REAL ID Act, a petition for review to the courts of appeal is the exclusive means of review of an administrative order of removal, deportation, or exclusion. 8 U.S.C. § 1252(a)(5). Under § 106(c) of the REAL ID Act, district courts no longer have habeas jurisdiction to review final orders of review; instead, any habeas corpus petition pending in the district court in which an alien challenges a final administrative order of removal, deportation, or exclusion must be transferred by the district court to the appropriate court of appeals. "Furthermore, the amendment was intended to be retroactive, applying to direct review of orders issued before, on or after the date of the enactment." *Lopez v. Gonzales*, 417 F.3d 934, 936 (8th Cir. 2005) (citing REAL ID Act § 106(b)).

The REAL ID Act has also added "an additional jurisdictional provision to § 242. The new provision, INA § 242(a)(2)(D), codifies our jurisdiction to review constitutional claims or questions of law raised in petitions for review of decisions made by the Attorney General under INA § 240A and other sections." *Id*. In this case, Tostado raises a question of law regarding whether his conviction in Illinois meets

the INA definition of an "aggravated felony." Accordingly, we will treat Tostado's appeal as a petition for review to determine if the BIA's decision and the district court's order were correct.

"We review the BIA's legal determination de novo, according substantial deference to the BIA's interpretation of the statutes and regulations it administers." *Lopez*, 417 F.3d at 936. (internal quotations and citations omitted). This court reviews the "BIA's interpretation of federal criminal statutes de novo without according any deference." *Id.*

## B. *Aggravated Felony*

Tostado argues that his Illinois conviction for the unlawful possession of cocaine and unlawful possession of cannabis was not an aggravated felony for the purposes of the INA because, while it was a felony under Illinois law, it would not be considered a felony under federal law. We squarely addressed this issue in *Lopez* in which we stated:

> [T]he plain language of the INA, and of the other statutes it refers to, states that any drug conviction that would qualify as a felony under either state or federal law is an aggravated felony. An aggravated felony is defined as "illicit trafficking in a controlled substance . . ., including a drug trafficking crime (as defined in section 924(c) of title 18, United States Code)." INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B). In turn, a drug trafficking crime is "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.)." 18 U.S.C. 924(c)(2). Finally, "[t]he term 'felony' is defined for the purposes of the Controlled Substances Act (CSA) as 'any Federal or State offense classified by applicable Federal or State Law as a felony.'" *United States v. Briones-Mata*, 116 F.3d 308, 309 (8th Cir.1997) (quoting 21 U.S.C. § 802(13)).

> In other words, for INA purposes, a drug trafficking crime is an offense which would be punishable under 21 U.S.C. §§ 801 et seq., and which would qualify as a felony under either state or federal law. *Briones-*

*Mata,* 116 F.3d at 310 ("[T]he definitions of the terms at issue indicate that Congress made a deliberate policy decision to include as an 'aggravated felony' a drug crime that is a felony under state law but only a misdemeanor under the CSA."); *accord United States v. Hernandez-Avalos,* 251 F.3d 505, 510 (5th Cir.2001); *but see Cazarez-Gutierrez v. Ashcroft,* 382 F.3d 905, 910–11 (9th Cir.2004) (relying on "the presumption that immigration laws should be interpreted to be nationally uniform, evidence that Congress intended uniformity, and prudential concerns" in agreeing with the Second and Third Circuits that "state felony drug offenses are not aggravated felonies for immigration purposes unless the offense contains a trafficking element or is punishable as a felony under the federal laws enumerated in 18 U.S.C. § 924(c)(2)").

*Id*. at 936.

Tostado's Illinois conviction for the unlawful possession of cocaine and unlawful possession of cannabis was a felony under state law but not a felony under federal law. Therefore, based on our holding in *Lopez* and its reliance on our prior holding in *Briones-Mata*, we hold that Tostado's state-law drug conviction is an aggravated felony for INA purposes.

Tostado also argues that the BIA's application of its *Yanez* interpretation of § 942(c)(2) to him was an impermissible retroactive application of a new rule. He argues that because he pled guilty to his Illinois offenses at a time when the BIA applied a different interpretation of § 924(c)(2), any change in interpretation should be made through notice-and-comment rulemaking rather than through adjudication. We addressed this issue too in *Lopez*. We noted that the petitioner was arguing "detrimental reliance not on a repealed section of the INA that was in effect at the time of his plea, but rather on the BIA's interpretation of a federal criminal statute at the time of his plea—an interpretation that had no legal force in the Eighth Circuit." *Id*. at 938. We concluded that because *Briones-Mata* was published several months

before Lopez plead guilty in state court and was settled law for removal proceedings arising in the Eighth Circuit, the BIA did not retroactively apply a rule in determining that the petitioner's conviction was an aggravated felony, regardless of what the BIA's position at the time of the plea was. *Id*.

Here, Tostado's conviction occurred in 2001, four years after *Briones-Mata* established the definition of an aggravated felony for immigration purposes. Therefore, the BIA did not retroactively apply a rule in determining that Tostado's conviction was an aggravated felony for purposes of the INA.

### III. *Conclusion*

Based on the foregoing, we affirm the BIA's order denying Tostado's application for cancellation of removal and the district court's denial of his habeas petition.

_____