# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3222

_____

| | | |
|---|---|---|
| Thomas Ombuya Omao, | * | |
| | * | |
| Petitioner, | * | Petition for Review of an |
| | * | Order of the Board of Immigration |
| v. | * | Appeals. |
| | * | |
| Alberto Gonzales, Attorney General | * | [UNPUBLISHED] |
| of the United States of America, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: June 16, 2006
Filed: June 22, 2006

_____

Before ARNOLD, BEAM, Circuit Judges, DOTY,[1] District Judge

_____

PER CURIAM.

Petitioner Thomas Omao seeks review of a final order of the Board of Immigration Appeals (BIA), which dismissed as untimely Omao's appeal from the Immigration Judge's (IJ) determination of removability and denial of Omao's cancellation of removal and application for voluntary departure. Also before us is the government's motion to dismiss. We grant the government's motion and dismiss the petition for lack of jurisdiction.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

Omao's appeal from the IJ's December 8, 2004, order was due on or before January 7, 2005, thirty days after the decision. See 8 C.F.R. § 1003.38(b). Omao filed an untimely appeal on January 11, 2005. The BIA's order was only concerned with the timeliness of Petitioner's appeal. According to the BIA's order, Petitioner's recourse was either to file a motion to reconsider with the BIA, or a motion to reopen with the IJ. Petitioner claims he did not file a motion to reconsider because such a motion would have been futile. However, the BIA set out the proper course for Omao to follow.

Even though Omao clearly acknowledges the tardiness of his appeal to the BIA, he urges us to reach the merits of his petition because due process considerations prevail in this instance. He claims that his interests in immediate judicial review outweigh the government's interests in the efficiency of administrative autonomy that the exhaustion doctrine is designed to further. We find this argument unavailing. It is true that relief from an untimeliness ruling might be granted on procedural due process grounds in certain circumstances, Somakoko v. Gonzales, 399 F.3d 882, 883 (8th Cir. 2005), but not where, as here, the ruling was from the BIA's dismissal, Petitioner has failed to demonstrate that his proceedings were fundamentally unfair and there is nothing unique warranting review. See Atiqullah v. INS, 39 F.3d 896, 898 (8th Cir. 1994) (per curiam) (applying former statutory language regarding appeals and recognizing that generally the time limit for filing notice of appeal to BIA is mandatory and jurisdictional but that in unique circumstances if a party is misled by words or conduct of court, an appellate tribunal may have jurisdiction to hear an otherwise untimely appeal).

Given the procedural stature of this case, we find that we lack jurisdiction to review Omao's petition and grant the government's motion to dismiss.

_____