# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-1860

———————

Victor Thulley,

           Petitioner,

      v.

Alberto Gonzales, Attorney General
of the United States of America,

           Respondent.

\*
\*
\*
\*
\*  On Petition for Review of an
\*  Order of the Board of
\*  Immigration Appeals.
\*
\*  [UNPUBLISHED]
\*
\*

———————

Submitted: March 16, 2006
Filed:  June 23, 2006

———————

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

———————

PER CURIAM.

Victor Thulley, a citizen of Sierra Leone, petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed the decision of an immigration judge (IJ) denying asylum, withholding of removal, relief under the Convention Against Torture (CAT), and voluntary departure.[1] Having carefully reviewed the record, we deny the petition.

---

[1]The BIA adopted, affirmed, and added to the decision of the IJ. The BIA's order, including the IJ's findings and reasoning adopted by the BIA, is the final agency determination for purposes of judicial review. Fofanah v. Gonzales, 447 F.3d 1037, 1040 (8th Cir. 2006).

The IJ denied Thulley's application for asylum, concluding that Thulley failed to present credible evidence to meet his burden of proving that he filed the application within one year of arriving in the United States. We have no jurisdiction to review the administrative determination that Thulley's application was untimely. See 8 U.S.C. § 1158(a)(3); Somakoko v. Gonzales, 399 F.3d 882, 883 (8th Cir. 2005).[2]

We review the BIA's denial of Thulley's requests for withholding of removal and protection under the CAT to determine whether the decision is supported by substantial evidence on the record as a whole. See Hassan v. Ashcroft, 388 F.3d 661, 665 (8th Cir. 2004). We conclude that the BIA's finding that Thulley is not eligible for withholding of removal because he failed to establish either past persecution or a well-founded fear of future persecution is supported by substantial evidence. See Al Tawm v. Ashcroft, 363 F.3d 740, 744 (8th Cir. 2004) (discussing standards for withholding of removal); Gemechu v. Ashcroft, 387 F.3d 944, 947–48 (8th Cir. 2004) (ruling that IJ's credibility findings are entitled to deference if they are supported by a specific, cogent reason).[3] Similarly, we see no basis in the record for relief under the CAT. See Habtemicael v. Ashcroft, 370 F.3d 774, 780–82 (8th Cir. 2004) (discussing standards for relief under the CAT).

---

[2]Thulley asks us to follow the Sixth Circuit and hold that the Attorney General's timeliness ruling may be reviewed for legal or constitutional error. A similar request was made in Somakoko, 399 F.3d at 883. Like the Court in Somakoko, "we need not decide the troubling question whether relief from an untimeliness ruling may *ever* be granted" because, although Thulley alleged legal errors, he failed to demonstrate that legal errors were made. Id.

[3]Thulley's argument that the IJ erred in not subjecting his passport and other documents to a forensic examination to determine authenticity is without merit. Thulley submitted his documents to the IJ nearly ten months late and never requested a forensic examination.

Finally, we have no jurisdiction to review the IJ's decision denying Thulley's request for voluntary departure.  See <u>Fofanah</u>, 447 F.3d at 1041.

Accordingly, we deny the petition.

———————————————