# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1124

_____

Jawad Ismail Mousa Ababneh,       *
                                           *
         Petitioner,             *
                                           *  Petition for Review of
      v.                        *  an Order of the Board of
                                           *  Immigration Appeals.
Michael B. Mukasey,[1] Attorney    *
General of the United States; Michael  *    [UNPUBLISHED]
Chertoff, Secretary of Department of  *
Homeland Security,               *
                                           *
         Respondents.           *

_____

Submitted: November 21, 2007
Filed: November 29, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Jawad Ismail Mousa Ababneh, a native and citizen of Jordan, petitions for review of an order of the Board of Immigration Appeals (BIA), which summarily affirmed the decision of an immigration judge (IJ), denying his requests for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

_____

[1]Michael B. Mukasey has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

We first hold that we lack jurisdiction to review the BIA's determination that Ababneh's asylum application was barred as untimely filed. See 8 U.S.C. § 1158(a)(3) (no court shall have jurisdiction to review any determination of Attorney General (AG) regarding timeliness under 8 U.S.C. § 1158(a)(2)); see also Somakoko v. Gonzales, 399 F.3d 882, 883 (8th Cir. 2005) (Congress has expressly precluded judicial review of AG's determination that asylum application was untimely). Nonetheless, we will discuss the merits of Ababneh's asylum claim for purposes of reviewing the denials of his withholding-of-removal and CAT claims, which were based on the same underlying factual allegations. See Samedov v. Gonzales, 422 F.3d 704, 708-09 (8th Cir. 2005) (denial of asylum claim dictates same outcome on withholding-of-removal and CAT claims if those claims are based on same underlying factual allegations).

After careful review of the record, we conclude that substantial evidence on the record as a whole supports the BIA's findings that Ababneh did not suffer past persecution and did not have a well-founded fear of future persecution on account of a protected factor. See Eta-Ndu v. Gonzales, 411 F.3d 977, 982-83 (8th Cir. 2005) (standard of review); Dominguez v. Ashcroft, 336 F.3d 678, 680 (8th Cir. 2003) (summary affirmance by BIA adopts decision of IJ). Ababneh's evidence showed that he suffered adverse treatment in Jordan that amounted to harassment, not persecution, and his testimony supporting his alleged fear of future persecution was speculative and not objectively reasonable. See Makatengkeng v. Gonzales, 495 F.3d 876, 880 (8th Cir. 2007) (criteria to show well-founded fear of future persecution); Krasnopivtsev v. Ashcroft, 382 F.3d 832, 839 (8th Cir. 2004) (low-level types of intimidation or harassment are not sufficiently severe to rise to the level of persecution). Accordingly, we conclude that Ababneh's asylum claim lacked merit, and thus the BIA did not err in denying his requests for withholding of removal and CAT relief.

The petition for review is denied. See 8th Cir. R. 47B.

_____