# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2584

_____

Teresa Mendoza,                              *
                                             *
            Petitioner,                       *
                                             *     Petition for Review of
      v.                                      *     an Order of the Board
                                             *     of Immigration Appeals.
Eric H. Holder, Jr.,[1] Attorney General,     *
                                             *        [UNPUBLISHED]
            Respondent.                       *

_____

Submitted: March 31, 2009
Filed: April 1, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Teresa Mendoza petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed an Immigration Judge's (IJ's) denial of her application for cancellation of removal.[2] After careful review of the record, we agree with the IJ

_____

[1]Eric H. Holder, Jr., has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

[2]Mendoza's application for a waiver of inadmissibility was also denied, but she does not appeal the issue. See Averianova v. Mukasey, 509 F.3d 890, 892 n.1 (8th Cir. 2007) (alien waived claim by failing to present argument in brief).

and the BIA that Mendoza is statutorily ineligible for cancellation of removal because she failed to establish continuous physical presence in the United States for a period of ten years preceding issuance of the notice to appear in February 2002, given that she voluntarily departed the United States under threat of deportation in July 1992. See Ortiz-Cornejo v. Gonzales, 400 F.3d 610, 612 (8th Cir. 2005); Palomino v. Ashcroft, 354 F.3d 942, 944-45 (8th Cir. 2004). Mendoza's lawful reentry in July 1992 allowed her to begin accruing a new period of continuous physical presence, see Okeke v. Gonzales, 407 F.3d 585, 589-90 (3d Cir. 2005), which ended with service of the notice to appear in February 2002, before she had accrued the requisite ten years continuous physical presence. Accordingly, we deny the petition.

_____