# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1053

_____

Tomas Tostado,

              Appellant,

v.

Ken Carlson, Interim Deputy Field
Office Director; Bureau of Immigration
and Customs Enforcement, Department
of Homeland Security,

              Appellees.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Missouri.
\*
\*
\*
\*
\*
\*

_____

Submitted: February 13, 2007
Filed: April 2, 2007

_____

Before SMITH, HEANEY,[1] and BENTON, Circuit Judges.

_____

SMITH, Circuit Judge.

      Tomas Tostado appeals the district court's denial of his habeas petition. Tostado argues that his state-law convictions for the unlawful possession of cocaine and unlawful possession of cannabis are not aggravated felonies for purposes of the

_____

[1]The Honorable Gerald W. Heaney assumed retirement status August 31, 2006. This opinion is being filed by the remaining judges of the panel pursuant to 8th Cir. R. 47E.

Immigration and Naturalization Act ("INA"). Based on the Supreme Court's recent decision of *Lopez v. Gonzales*, ___ U.S. ___, 127 S. Ct. 625 (2006), we reverse.

## I. *Background*

Petitioner Tomas Tostado is a native and citizen of Mexico who entered the United States on November 29, 1984, as a lawful permanent resident. Tostado has never become a naturalized citizen. On May 2, 2001, Tostado was convicted in Illinois state court for the unlawful possession of cocaine, a class 1 felony, and the unlawful possession of cannabis, a class 4 felony.

Because of Tostado's convictions, Immigration and Naturalization Service (INS) special agents in St. Louis, Missouri, arrested him. The INS served Tostado a notice to appear—a charging document for removal proceedings filed with the appropriate United States immigration court. The INS filed the charging document with the immigration court in Chicago for a hearing in St. Louis, which was initially set for October 23, 2001. The immigration court reset Tostado's hearing on his application for relief from deportation until October 8, 2002.

Before Tostado's hearing, the INS filed an additional removal charge against Tostado, charging him as removable for having committed an aggravated felony based upon *Matter of Yanez*, 23 I&N Dec. 390 (BIA 2002). In that case, the Bureau of Immigration Appeals (BIA) reversed its prior holding that a first-time state felony drug conviction was not a "drug trafficking crime" within the federal law. Under *Yanez*, a state felony drug conviction is properly classified as an aggravated felony under § 101(a)(43)(b) of the INA, 8 U.S.C. § 1101(a)(43)(B). An alien who is removable from the United States for committing an aggravated felony may not seek the relief of cancellation of removal. 8 U.S.C. § 1229b(a)(3).

At Tostado's hearing, the immigration judge denied his relief application and ordered him deported to Mexico. The BIA denied Tostado's appeal. The day before Tostado's removal, he filed the instant habeas petition. The district court denied his petition, finding that under Eighth Circuit law and the BIA's decision in *Yanez*, Tostado's offense was an "aggravated felony" within the meaning of § 1101(a)(43).[2] Tostado appeals, arguing that simple possession of cocaine is not a "drug trafficking crime," and thus not an "aggravated felony," and that the BIA's application of *Yanez* to him was an impermissible retroactive application of a new rule, which violates precepts of substantive and procedural due process.

## II. *Analysis*
### A. *Jurisdiction*

We have jurisdiction to review final orders of the district court in habeas corpus proceedings pursuant to 28 U.S.C. § 2253. In addition, the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231, amends portions of § 242 of the INA, 8 U.S.C. § 1252, and clarifies the scope of judicial review of removal orders. Pursuant to § 106 of the REAL ID Act, a petition for review to the courts of appeal is the exclusive means of review of an administrative order of removal, deportation, or exclusion. 8 U.S.C. § 1252(a)(5). Under § 106(c) of the REAL ID Act, district courts no longer have habeas jurisdiction to review final orders of review; instead, any habeas corpus petition pending in the district court in which an alien challenges a final administrative order of removal, deportation, or exclusion must be transferred by the district court to the appropriate court of appeals. "Furthermore, the amendment was intended to be retroactive, applying to direct review of orders issued before, on or after the date of the enactment." *Lopez v. Gonzales*, 417 F.3d 934, 936 (8th Cir. 2005) (citing REAL ID Act § 106(b)).

---

[2]We initially affirmed. *Tostado v. Carlson*, 437 F.3d 706 (8th Cir. 2006), *vacated and remanded*, *Tostado v. Carlson*, 127 S. Ct. 936 (2007).

-3-

The REAL ID Act has also added "an additional jurisdictional provision to § 242. The new provision, INA § 242(a)(2)(D), codifies our jurisdiction to review constitutional claims or questions of law raised in petitions for review of decisions made by the Attorney General under INA § 240A and other sections." *Id*. In this case, Tostado raises a question of law regarding whether his conviction in Illinois meets the INA definition of an "aggravated felony." Accordingly, we will treat Tostado's appeal as a petition for review to determine if the BIA's decision and the district court's order were correct.

"We review the BIA's legal determination de novo, according substantial deference to the BIA's interpretation of the statutes and regulations it administers." *Lopez*, 417 F.3d at 936. (internal quotations and citations omitted). This court reviews the "BIA's interpretation of federal criminal statutes de novo without according any deference." *Id*.

## B. *Aggravated Felony*

Tostado argues that his Illinois conviction for the unlawful possession of cocaine and unlawful possession of cannabis was not an aggravated felony for the purposes of the INA because, while it was a felony under Illinois law, it would not be considered a felony under federal law.

Under the INA, the term "aggravated felony" includes a "drug trafficking crime." *Lopez*, ___ U.S. ___, 127 S. Ct. at 627–28. In turn, the term "drug trafficking crime" includes "'any felony punishable under the Controlled Substances Act . . . .'" *Id*. at 628. "Under the immigration statutes . . . the Attorney General's discretion to cancel the removal of a person otherwise deportable does not reach a convict of an aggravated felony." *Id*. (citing 8 U.S.C. § 1229(b)(a)(3)).

In *Lopez*, the Supreme Court held that "conduct made a felony under state law but a misdemeanor under the Controlled Substances Act is [not] a 'felony punishable

under the Controlled Substances Act.'" *Id*. at 627 (quoting 18 U.S.C. § 924(c)(2)). The Court explained that "[m]ere possession is not . . . a felony under the federal CSA . . . although possessing more than what one person would have for himself will support conviction for the federal felony of possession with intent to distribute . . . ." *Id*. at 629.

Here, neither party disputes that Tostado's state law convictions for unlawful possession of cocaine and unlawful possession of cannabis would constitute misdemeanors if prosecuted under the CSA. Therefore, we hold, in accordance with *Lopez*, that Tostado's crimes do not constitute "drug trafficking crimes," as they are not punishable as felonies under the CSA. Thus, Tostado has not been convicted of an "aggravated felony" and is eligible for cancellation of removal.

### III. *Conclusion*

Based on the foregoing, we reverse the BIA's order denying Tostado's application for cancellation of removal and the district court's denial of his habeas petition, and we remand to the BIA for consideration of Tostado's application for cancellation of removal.

_____