# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3709

_____

| | | |
|---|---|---|
| Donald Logan Olmsted, | * | |
| | * | |
| Petitioner, | * | Petition for Review of an |
| | * | Order of the |
| v. | * | Board of Immigration Appeals. |
| | * | |
| Eric H. Holder, Jr., | * | |
| Attorney General of the United States, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: October 20, 2009
Filed: December 4, 2009

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Donald Olmsted petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) determination of removability and denial of his application for cancellation of removal. We deny the petition.

I.

Olmsted is a native and citizen of Canada who entered the United States at age three in 1962. He has been arrested multiple times and convicted of a variety of crimes. In 1996 and 1997, Olmsted was convicted on separate counts of assault in the

fifth degree, in violation of Minnesota Statute § 609.224(1). In 2000, Olmsted was convicted of one count of making terroristic threats in violation of Minnesota Statute § 609.713(1).

Olmsted's terroristic threats conviction arose out of a drunken encounter with police. After Olmsted could not pay a cab fare, the taxi driver called the police, who took Olmsted into custody. On the ride to the police station, Olmsted verbally threatened the officers and his statements were recorded on the patrol car video camera. Olmsted pled guilty to a violation of the Minnesota terroristic threats statute.

Removal proceedings were commenced against Olmsted in 2007. In June 2008, the IJ issued a decision finding Olmsted removable because he had been convicted of an aggravated felony (pursuant to 8 U.S.C § 1227(a)(2)(A)(iii)) and two crimes involving moral turpitude not arising out of a single scheme (pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii)). Olmsted was ordered removed. His application for cancellation of removal was pretermitted and denied because of his aggravated felony conviction. On appeal, the BIA held that Olmsted's conviction for making terroristic threats constituted an aggravated felony because it involved a crime of violence, rendering Olmsted statutorily ineligible for cancellation of removal.

II.

Judicial review is generally precluded in cases involving aliens who are removable as aggravated felons. 8 U.S.C. § 1252(a)(2)(C). We retain jurisdiction, however, to review "constitutional claims or questions of law," id. § 1252 (a)(2)(D), such as whether a crime is an aggravated felony. See Tostado v. Carlson, 481 F.3d 1012, 1014 (8th Cir. 2007).

We review the BIA's legal determinations *de novo*, "according substantial deference to the [BIA's] interpretation of the statutes and regulations it administers." Tang v. INS, 223 F.3d 713, 718-19 (8th Cir. 2000).

The IJ found Olmsted removable on two grounds: aggravated felony convictions and crimes of moral turpitude convictions (burglary and terroristic threats). Olmsted contested only the aggravated felony grounds in his appeal to the BIA, arguing that his assault convictions did not constitute aggravated felonies because he could have violated the statute by causing fear without threatening to use physical force. Thus, we need not consider the correctness of the IJ's determination that Olmsted's assault convictions were aggravated felonies.

Olmsted argues that the BIA erred in holding that he was statutorily ineligible for cancellation of removal. A lawful permanent resident may be eligible for cancellation of removal if the individual (1) has been lawfully admitted for permanent residence for at least five years, (2) has resided in the United States continuously for at least seven years after admittance, and (3) has not been convicted of an aggravated felony. 8 U.S.C. § 1229b. Falling within the definition of an aggravated felony are crimes of violence for which the term of imprisonment is at least one year. 8 U.S.C. § 1101(a)(43)(F). A crime of violence is "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). To constitute a crime of violence there must be a "higher degree of intent than negligent or merely accidental conduct." Leocal v. Ashcroft, 543 U.S. 1, 9 (2004). To determine whether a conviction qualifies as a crime of violence, we generally look at the statute of conviction and not the underlying facts of the case. United States v. Montenegro-Recinos, 424 F.3d 715, 717 (8th Cir. 2005) (citing Taylor v. United States, 495 U.S. 575, 600 (1990)). If the statute criminalizes both conduct that constitutes a crime of violence and conduct that does not, we apply a modified categorical approach, under which we may refer to "the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the

factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." United States v. Williams, 537 F.3d 969, 973 (8th Cir. 2008) (quoting Shepard v. United States, 544 U.S. 13, 26 (2005)).

Although Olmsted concedes that the term of imprisonment was for at least one year, he contends that his terroristic threats conviction was not a crime of violence. The Minnesota terroristic threats statute states:

> Whoever threatens, directly or indirectly, to commit any crime of violence with purpose to terrorize another . . . or in a reckless disregard of the risk of causing such terror . . . may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $10,000, or both. As used in this subdivision, "crime of violence" has the meaning given "violent crime" in section 609.1095, subdivision 1, paragraph (d).

Minn. Stat. § 609.713(1). Convictions under this statute can be based on at least two different mental states–"purpose to terrorize" and "reckless disregard of the risk of causing such terror." Chanmouny v. Ashcroft, 376 F.3d 810, 812 (8th Cir. 2004). Additionally, the definition of violent crime in Minnesota Statute § 609.1095(1)(d) encompasses both crimes that have as an element the use, attempted use, or threatened use of physical force against the person or property of another, therefore meeting the definition of a crime of violence, and others that do not. Thus, we use a modified categorical analysis to determine if Olmsted pled guilty to a crime of violence.

Applying the modified categorical analysis, the BIA noted, and Olmsted has not contested, that the "plea colloquy transcript reflects that the factual basis for his plea to making terrorist threats was contained in the 'complaint,' and therefore that document was expressly incorporated into the record for sentencing, without objection by the respondent's defense attorney." We must look to the complaint as part of the record of conviction because it was expressly incorporated into the record as the factual

basis for the plea, without objection from Olmsted.  See United States v. Almazan-Becerra, 537 F.3d 1094, 1097-98 (9th Cir. 2008) (holding that when a defendant stipulates during a plea colloquy that the police reports contained a factual basis for the defendant's guilty plea the police reports may be considered); United States v. Simms, 441 F.3d 313, 317-318 (4th Cir. 2006) (upholding the district court's reliance on the factual information in a charge application because it was explicitly incorporated into the statement of charges against the defendant).

The factual circumstances in the complaint and the plea colloquy establish that Olmsted acted with the requisite intent.  Olmsted argues that he was convicted for acting with reckless disregard.  The complaint, however, detailing the various threats that Olmsted made to the police officers and the circumstances surrounding his arrest, does not support Olmsted's contention.  Olmsted was "hostile and belligerent" shouting at the officers, "trying to grab at the officers through the screen of the patrol car," and "banging on the back of the patrol car."  Olmsted made detailed threats, for example, telling the officers that he would have someone "take care of" their children and that "I'm gonna cap you some morning when you're walking to McDonalds [sic]."  In the plea colloquy, Olmsted was asked "you are willing to admit, aren't you, that assuming that that's your voice on the tape and you used these words at that point in time, even though you were drunk, you intended to make a threat or terrorize these officers, didn't you?"  Olmsted responded, "I did say those things that are in the report.  Yes."  This exchange and the factual circumstances surrounding the incident establish that Olmsted intended to threaten use of physical force against the officers and their families.  Olmsted therefore committed a crime of violence for which the term of imprisonment is at least one year, and thus he is ineligible for cancellation of removal.

III.

The petition for review is denied.

_____

-5-