# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3011

———————

Sergio Sanchez,                           *
                                          *
           Petitioner,                    *
                                          *    Appeal from the
    v.                                    *    Board of Immigration Appeals
                                          *
Eric H. Holder, Jr.,                      *
Attorney General of the United States     *
                                          *
           Respondent.                    *

———————

Submitted: June 16, 2010
Filed: August 2, 2010

———————

Before RILEY, Chief Judge, CLEVENGER[1] and COLLOTON, Circuit Judges.

———————

CLEVENGER, Circuit Judge.

Sergio Sanchez petitions for review of an order of the Board of Immigration Appeals ("BIA") holding him statutorily ineligible for cancellation of removal. We deny the petition.

———————————————

[1]The Honorable Raymond C. Clevenger, III, United States Circuit Judge for the Court of Appeals for the Federal Circuit, sitting by designation.

# I

Upon the order of the Attorney General of the United States, aliens convicted of certain criminal offenses are removed from the United States. Among such offenses are convictions of two or more crimes involving moral turpitude, conviction of violating a law relating to a controlled substance, and conviction of an aggravated felony. See 8 U.S.C. § 1227(a)(2). The burden of proving by clear and convincing evidence that an alien is removable lies with the government. 8 U.S.C. § 1229a(c)(3)(A). If the government sustains its burden to remove an alien, the Attorney General may cancel removal if the alien meets certain statutory tests. 8 U.S.C. § 1229b. The burden of proving entitlement to cancellation of removal lies with the alien, see 8 U.S.C. § 1229a(c)(4)(A)(i), who must carry the burden by a preponderance of the evidence. See 8 C.F.R. § 1240.8(d). For a deportable permanent resident alien to obtain cancellation of removal, he must prove he "(1) has been an alien lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a).

When the government seeks to remove an alien on the grounds of conviction of an aggravated felony, the government must prove commission of the offense. "Aggravated felony" is defined, inter alia, by 8 U.S.C. § 1101(a)(43)(G) as "a theft offense (including receipt of stolen property) . . . for which the term of imprisonment [is] at least one year." In some instances, it is not clear as a categorical matter that a conviction under a broad state criminal statute meets the federal definition of an aggravated felony. In those instances, a modified categorical test is used to determine if the state offense meets the federal definition. See Shepard v. United States, 544 U.S. 13, 26 (2005). If the government meets its burden of proving conviction of an aggravated felony, and the alien has sought cancellation of removal as relief, the relief is deemed pretermitted because if the government has borne its burden to prove conviction of an aggravated felony, the alien cannot sustain his burden to gain

cancellation of removal. See, e.g., Olmsted v. Holder, 588 F.3d 556, 558 (8th Cir. 2009).

## II

Mr. Sanchez is a native and citizen of Mexico who was admitted to the United States in 1992 as a lawful permanent resident. On August 22, 2003, Mr. Sanchez was convicted in Iowa of Theft in the Fifth Degree. On July 1, 2004, Mr. Sanchez was convicted in Iowa of both Simple Assault and Theft in the Fifth Degree. On October 1, 2004, Mr. Sanchez pled guilty to the crime of Theft in the Third Degree in violation of Iowa Code § 714.1, and was sentenced to 365 days in jail and ordered to pay $1,267.38 to Wal-Mart as restitution. On December 3, 2004, Mr. Sanchez was convicted in Iowa of Theft in the Fifth Degree. On May 21, 2005, Mr. Sanchez was convicted in Iowa of Possession of a Controlled Substance. From December 2005 through August 2007, Mr. Sanchez was convicted in Iowa of three more offenses of Theft in the Fifth Degree.

On January 5, 2009, the Department of Homeland Security ("DHS") commenced removal proceedings against Mr. Sanchez with a Notice to Appear. The Notice alleged that Mr. Sanchez was subject to removal (1) as an alien convicted of two or more crimes of moral turpitude; (2) as an alien convicted of a controlled substance violation; and (3) as an alien convicted of an aggravated felony. Prior to his removal hearing, Mr. Sanchez filed a response to the Notice in which he admitted the facts of his criminal history, conceded that he is removable on both the moral turpitude and controlled substance grounds, denied removability on the aggravated felony ground, and requested the opportunity to seek cancellation of his removal. (Admin R. at 95-96.)

Mr. Sanchez, represented by able counsel, faced a predicament before the Immigration Judge ("IJ"). Because he conceded that he was removable as an alien convicted of two or more crimes of moral turpitude and of a controlled substance

offense, the government did not have to prove his conviction of an aggravated felony in order to sustain deportation. Further, as a deportable alien seeking cancellation of removal, the burden was on Mr. Sanchez to establish entitlement to cancellation of removal. In what may have been a tactical move to avoid shouldering of his burden of proof, Mr. Sanchez pitched his case to the IJ on the grounds that the government had failed to carry its burden to prove that violation of Iowa Code § 714.1 constitutes commission of a federal aggravated felony under the modified categorical test. Notwithstanding Mr. Sanchez's insistence that the burden is on the government to prove his violation of § 714.1 is an aggravated felony, the IJ understood the situation and stated that the admitted focus of the hearing was on the issue of Mr. Sanchez's entitlement to cancellation of removal. (Admin. R. at 68-69.)

III

Before the IJ, Mr. Sanchez argued that his conviction in Iowa of Theft in the Third Degree is not an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(G). Mr. Sanchez asserted that his Iowa conviction was not categorically a federal theft offense and that there was insufficient evidence to support a conclusion that he was convicted under a portion of the Iowa statute which satisfies the federal theft definition under the modified categorical approach.

In support of the aggravated felony charge of removal, DHS offered several documents into evidence. First, DHS offered a document that it described as a "charging document" which charged Mr. Sanchez with the following:

> The defendant is accused of the crime of Theft 4th 714.1 Ref 714.2(4) in that the defendant on the 3rd day of March, 2004, at the Muscatine in Muscatine County, did take 7 bottles of [cologne] from WalMart valued at $40.00 average a bottle for a total value of $254.82 and didn't pay for in violation [of] Iowa Code 714.1 ref 714.2(3).

In addition, DHS offered a second similar document that charged Mr. Sanchez with the following:

> The defendant is accused of the crime of Theft 2nd 714.1 Ref 714.2(2) in that the defendant on the 28th day of February, 2004, at the Muscatine in Muscatine County, did take 30 bottles of [cologne] from WalMart valued at $40.00 a bottle for a total value of $1,012.56 without paying for in violation of Iowa Code 714.1 ref 714.2(2).

Both documents were signed by complainants and sworn before a notary on April 30, 2004.

The IJ applied a modified categorical approach to determine if Mr. Sanchez's conviction fell within the scope of an "aggravated felony" and determined that "the charging documents make clear that the respondent's conviction is an aggravated felony." The IJ noted that the offered charging documents "clearly describe a concealment and taking away of merchandise from a store." On April 30, 2009, the IJ found Mr. Sanchez to be statutorily ineligible for relief from removal due to his aggravated felony conviction, see 8 U.S.C. § 1229b(a)(3), and ordered his removal.

Upon careful review of the transcript of Mr. Sanchez's hearing before the IJ and the written opinion of the IJ, two things are quite clear. First, Mr. Sanchez succeeded in shifting to the government the burden of proof on whether violation of § 714.1 equates with commission of an aggravated felony. Second, the clear focus of the hearing was on whether Mr. Sanchez could obtain cancellation of removal, which of course depended on his showing that his violation of § 714.1 was not a commission of an aggravated felony. Other than through his arguments against the government's view that his violation of § 714.1 equated with commission of an aggravated felony, Mr. Sanchez made no attempt to meet his burden of proof. Nonetheless, it is clear that the issue upon which Mr. Sanchez had the burden of proof was fully briefed and litigated by the parties, and the IJ found the arguments of DHS more persuasive.

The IJ's written opinion noted that in order for Mr. Sanchez to obtain cancellation of removal, he needed to establish that he had not been convicted of an aggravated felony, and that he appeared not to have done so.

IV

Mr. Sanchez appealed to the BIA, arguing that he should not be precluded from applying for cancellation of removal because DHS failed to prove that his 2004 Iowa conviction for Theft in the Third Degree is a conviction for an aggravated felony. On appeal, the BIA conducted a de novo review of Mr. Sanchez's conviction for Theft in the Third Degree and agreed with the IJ that the offense was an aggravated felony. The BIA noted that "[t]he conviction record admitted into evidence by the Immigration Judge in this matter as to the respondent's 2004 Iowa conviction for theft in the 3rd degree consists of certified copies of the judgment and sentencing order of the Iowa criminal court, and the criminal complaints . . . submitted in that case." The BIA's written opinion, labeled as "APPLICATIONS: Cancellation of removal," stated that the IJ found Mr. Sanchez removable "based on his admissions" and "statutorily ineligible for relief." The BIA thus concluded that Mr. Sanchez "failed to establish his eligibility for any relief from removal, including cancellation of removal pursuant to section 240A(a)(3) of the [Immigration and Nationality Act]."

V

Mr. Sanchez's removability limits our review in this case. See 8 U.S.C. § 1252(a)(2)(C). However, we retain jurisdiction to review "constitutional claims or questions of law raised upon a petition for review," 8 U.S.C. § 1252(a)(2)(D), including whether a crime is an aggravated felony. See Olmsted v. Holder, 588 F.3d 556, 558 (8th Cir. 2009) (citing Tostado v. Carlson, 481 F.3d 1012, 1014 (8th Cir. 2007)). We review a challenge to BIA's legal determinations de novo and accord "substantial deference to the BIA's interpretation of the statutes and regulations it administers." Id.

Mr. Sanchez does not challenge that under the Immigration and Nationality Act he is subject to removal as an alien convicted of two or more crimes of moral turpitude after admission and as an alien convicted of a controlled substance violation. See 8 U.S.C. §§ 1227(a)(2)(A)(ii); 1227 (a)(2)(B)(i). Because Mr. Sanchez concedes his removability on these grounds, we need not consider the correctness of the BIA's determination that Mr. Sanchez is removable by reason of having committed an aggravated felony. See Olmsted, 588 F.3d at 558. Our review is limited to Mr. Sanchez's challenge to the BIA's determination that he is statutorily ineligible for cancellation under 8 U.S.C. § 1229b. Nonetheless, Mr. Sanchez continues to argue that he is eligible for cancellation of removal because DHS failed to carry its burden to prove his conviction of an aggravated felony.

We find no statutory support for Mr. Sanchez's argument that the burden of proof rested on the government in this case to prove his conviction of an aggravated felony when Mr. Sanchez is removable on other grounds. A removable alien requesting relief from his removal has the burden of proof to establish that he is not an aggravated felon and is therefore statutorily eligible for relief. See 8 U.S.C. § 1229a(c)(4)(A)(i). The applicable regulations require Mr. Sanchez to prove by a preponderance of the evidence that the grounds for mandatory denial of his application for relief do not apply. See 8 C.F.R. § 1240.8(d).

DHS initiated removal proceedings against Mr. Sanchez because he was removable for three statutory reasons. He admitted his removability on two of those reasons, but chose to contest whether he had committed an aggravated felony, at the same time requesting relief by cancellation of removal. Having admitted his removability, his only hope for the requested relief required him to prove that he had not committed an aggravated felony. Mr. Sanchez ignored his burden of proof, apparently thinking that if DHS could not meet its burden to prove commission of an aggravated felony, the government's failure would entitle him to relief on an issue for which he, not DHS, bore the burden of proof. Mr. Sanchez's tactical move before the

IJ and the BIA earned him no more than a refocused assessment of whether his violation of § 714.1 constitutes an aggravated felony. In the context of this case, whether DHS proved that Mr. Sanchez's violation of § 714.1 constitutes an aggravated felony is irrelevant given Mr. Sanchez's admitted removability grounds. The only issue is whether Mr. Sanchez met his burden to gain entitlement to cancellation of removal. Mr. Sanchez elected not to step forward on this issue, and both the IJ and the BIA found him ineligible for cancellation of removal.

We reject Mr. Sanchez's persistent attempts to force DHS to prove removability based on the allegation that he committed an aggravated felony and thus elide the material issue of whether he met his burden to show eligibility for cancellation of removal. Because the BIA committed no error in finding Mr. Sanchez statutorily ineligible for cancellation of removal, we deny his petition for review.

_____