**UNITED STATES of America,
Plaintiff,**

v.

**James Lee McGOWAN, Defendant.**

**Case No. 1:09–cr–105.**

United States District Court,
D. North Dakota,
Southwestern Division.

Oct. 19, 2010.

Gary L. Delorme, U.S. Attorney's Office, Bismarck, ND, for Plaintiff.

## SENTENCING MEMORANDUM

DANIEL L. HOVLAND, District Judge.

A two-count indictment was filed against the defendant, James Lee McGowan, on December 10, 2009, charging him with felon and fugitive in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(2), and 924(a)(2). McGowan entered a plea of guilty to count one on August 2, 2010, pursuant to a written plea agreement. *See* Document No. 29. The Court ordered a Presentence Investigation Report (PSR) to be completed in advance of sentencing which is currently scheduled for October 25, 2010.

The Court also requested that the parties submit memoranda supporting their positions as to whether McGowan's prior criminal conviction in Minnesota of terroristic threats qualifies as a prior "crime of violence" pursuant to U.S.S.G. §§ 2K2.1(a)(4)(A) and 4B1.2(a). *See* Docket No. 36, ¶ 33. Section 2K2.1(a)(4)(A), provides, in pertinent part, that the appropriate base offense level for a felon unlawfully possessing a firearm is 20, if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." The Application Notes explain that "crime of violence" has the same meaning provided under Section 4B1.2(a) which provides in part:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another.

It is established that "[w]hoever threatens ... to commit any crime of violence with purpose to terrorize another ..." has committed a crime of violence for purposes of the sentencing guideline enhancement under Section 4B1.2(a). *See United States v. Clinkscale,* 559 F.3d 815, 817 (8th Cir. 2009) (quoting Minn.Stat. § 609.713). As a result, under the Minnesota statute, a defendant must threaten to commit a crime of violence with the intent to terrorize another or in reckless disregard of the result.

It is undisputed that McGowan's underlying prior felony conviction in Minnesota for terroristic threats (Docket No. 36, ¶ 33) forms the basis for his prohibition to lawfully possess a firearm, pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The

Government contends that the same Minnesota felony conviction is a "crime of violence."

Minnesota Statute 609.713, Terroristic Threats, subdivision 1, provides:

Whoever threatens, directly or indirectly, to commit any crime of violence with purpose to terrorize another or to cause evacuation of a building, place of assembly, vehicle or facility of public transportation or otherwise to cause serious public inconvenience, or in a reckless disregard of the risk of causing such terror or inconvenience may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $10,000, or both. As used in this subdivision, "crime of violence" has the meaning given "violent crime" in section 609.1095, subdivision 1, paragraph (d).

In discussions of this section of law, the Eighth Circuit has previously held that "the definition of violent crime in Minnesota Statute § 609.1095(1)(d) encompasses both crimes that have as an element the use, attempted use, or threatened use of physical force against the person or property of another, therefore meeting the definition of a crime of violence, and others that do not." *Olmsted v. Holder*, 588 F.3d 556, 559 (8th Cir.2009).

In *Olmsted* the court went on to apply the "modified categorical analysis approach" to determine whether the defendant's prior conviction for terroristic threats was a crime of violence. This follows the Supreme Court's holding in *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). In *Shepard*, the Supreme Court held that a court may not look beyond the terms of the charging document, the terms of a plea agreement, or transcript or colloquy between the judge and the defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information, in determining whether a crime of violence occurred. The Eighth Circuit in *Olmsted* looked to the factual basis presented at the time of the defendant's change of plea. Directly incorporated into the factual basis for the plea was the language contained in the criminal complaint *which Olmsted admitted to during the hearing,* and which clearly established that he intended to threaten the use of physical force against another person which is a crime of violence.

In this case, the allegations as set forth in the underlying Minnesota state court complaint against McGowan reveal that he acted with intent to harm another or in reckless disregard. The complaint detailed various threats made to his ex-girlfriend. However, the complaint is the only document which exists in the record to establish the factual basis for the conviction. Of importance is the fact that:

(1) There is no indication in the record that the defendant ever admitted to the facts contained in the complaint.

(2) There is no written plea agreement nor a transcript of the change of plea hearing, which would reveal the colloquy between the sentencing judge and the defendant in which the factual basis for the plea is confirmed by the defendant.

(3) There is no record of the sentencing hearing which may reveal confirmation of the facts contained in the complaint.

(4) There is no record of any findings of fact or conclusions of law by the sentencing judge to support a factual basis for the guilty plea.

(5) There is no record of any comparable findings of fact adopted by the defendant upon entering a plea in Minnesota which would enable this Court to determine whether the

state conviction qualifies as a "crime of violence."

In *Olmsted,* the charging document (the complaint) was incorporated into the record and the defendant admitted on the record to the facts as set forth in the complaint. The record before the sentencing judge in *Olmsted* clearly established that the defendant acted with the requisite intent. *See United States v. Almazan–Becerra,* 537 F.3d 1094, 1097–98 (9th Cir. 2008) (holding that a district court can rely on police reports in determining enhancements if the defendant stipulated during plea colloquy that police reports contained a factual basis for his guilty plea). However, that scenario never occurred in McGowan's case. All that exists in the record before the Court is the state court complaint—nothing more.[1] There is nothing else in the record for the undersigned to consider in determining whether the defendant's conviction in Minnesota qualifies as a "crime of violence."

The Court finds, by a preponderance of the evidence, that the Government has not sustained its burden of proving that McGowan's underlying state court conviction in Minnesota for "terroristic threats" constitutes a "crime of violence" for purposes of triggering an enhancement under U.S.S.G. § 2K2.1(a)(4)(A). It is clear that the Court cannot rely solely on the charging document (the complaint) without any confirmation by the defendant during a plea colloquy, or any other record of comparable findings of fact which, in some manner, were adopted by the defendant upon entering a plea of guilty to the terroristic threat charge. As a result, the

appropriate base offense level is 12 under U.S.S.G. § 2K2.1(a)(7). In addition, the Government has acknowledged, as has the probation officer in the PSR, ¶ 72 (*see* Docket No. 36), that McGowan's prior criminal history may qualify him for a lower criminal history category of IV due to the elimination of "recency" criminal history points by the United States Sentencing Commission effective November 1, 2010. The Court agrees. Fairness and common sense require that McGowan receive the benefit of a revised criminal history point calculation as a result of the elimination of "recency" points. The result is a revised Sentencing Guideline calculation of an adjusted offense level of 10, criminal history category IV, with an advisory sentence range of 15–21 months.

**IT IS SO ORDERED.**

---

1. The Court notes that in 2008 McGowan was also convicted of domestic assault in St. Paul, Minnesota. He was sentenced on May 1, 2008, to one year in jail and a $3,000 fine. This was the second assault on his ex-girlfriend within less than six months. *See* Docket No. 36, ¶ 34. However, there is no indication whether this state offense was punishable

by imprisonment for a term exceeding one year which would constitute a "crime of violence" under the Sentencing Guidelines. Obviously, McGowan poses a significant threat and a danger to women. He has serious problems with anger management and has in the past displayed a lack of respect for women in general.