# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2219
_____

Juan Francisco Armenta-Lagunas

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: December 11, 2012
Filed: August 1, 2013

_____

Before LOKEN, MELLOY, and COLLOTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

Petitioner Juan Francisco Armenta-Lagunas seeks review of a Board of Immigration Appeals (BIA) order denying his motion to terminate deportation proceedings. For the reasons stated below, we deny the petition for review.

I.     Background

Petitioner obtained Lawful Permanent Resident status in 2001. Subsequently, Petitioner was convicted in Nebraska state court of witness tampering in violation of Nebraska Statute § 28-919(1)(c), (d), and sentenced to one year imprisonment. Immigration and Customs Enforcement served Petitioner with a Notice to Appear on January 5, 2012. The Department of Homeland Security charged Petitioner as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for being convicted of an aggravated felony due to his witness-tampering conviction. Petitioner filed a motion to terminate proceedings with the Immigration Judge (IJ), claiming his witness-tampering conviction did not constitute an aggravated felony because it was not "an offense relating to obstruction of justice" under 8 U.S.C. § 1101(a)(43)(S).

The IJ denied Petitioner's motion, finding that his state conviction for witness tampering was an aggravated felony, and ordered him removed. Petitioner appealed to the BIA. The BIA adopted the IJ's analysis, finding that Petitioner's arguments "were directly and adequately addressed and rejected" by the IJ and dismissed Petitioner's appeal. Petitioner now petitions this Court for review.

II.     Analysis

Conviction of an aggravated felony subjects an alien to removal. 8 U.S.C. § 1227(a)(2)(A)(iii). Relevant to the current case, "an offense relating to obstruction of justice, perjury or subornation of perjury, or bribery of a witness, for which the term of imprisonment is at least one year" constitutes an aggravated felony. Id. § 1101(a)(43)(S).[1]

_____

[1]It is undisputed that Petitioner's term of imprisonment was at least one year.

"We review the BIA's legal determinations *de novo*, 'according substantial deference to the [BIA's] interpretation of the statutes and regulations it administers.'" Olmsted v. Holder, 588 F.3d 556, 558 (8th Cir. 2009) (alteration in original) (quoting Tang v. INS, 223 F.3d 713, 718–19 (8th Cir. 2000)). "[T]o the extent the BIA adopts the finding or reasoning of the IJ, the court also reviews the IJ's decision." Shaghil v. Holder, 638 F.3d 828, 833 (8th Cir. 2011). "Judicial review is generally precluded in cases involving aliens who are removable as aggravated felons." Olmsted, 588 F.3d at 558 (citing 8 U.S.C. § 1252(a)(2)(C)). "However, we retain jurisdiction to review constitutional claims or questions of law raised upon a petition for review, 8 U.S.C. § 1252(a)(2)(D), including whether a crime is an aggravated felony." Sanchez v. Holder, 614 F.3d 760, 763 (8th Cir. 2010) (internal quotation marks omitted).

To determine whether Petitioner's state conviction constitutes an aggravated felony—specifically in this case "an offense relating to obstruction of justice"—we must apply the categorical approach the U.S. Supreme Court established in Taylor v. United States, 495 U.S. 575 (1990). See Gonzales v. Duenas-Alvarez, 549 U.S. 183, 185–86 (2007). Under the Taylor categorical approach, we compare the elements of the state statute of conviction with the "basic elements" of the generic definition of an offense relating to obstruction of justice. See id. at 186 (internal quotation marks omitted). The categorical approach is not limited to analyzing the language of the statute alone:

> [T]o find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language. It requires a *realistic probability*, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime. To show that realistic probability, an offender, of course, may show that the statute was so applied in his own case. But he must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues.

Id. at 193 (emphasis added). Therefore, before applying the categorical analysis from Taylor, this Court must first determine the basic elements of the generic definition of an "offense relating to obstruction of justice."

A.     Definition of "Relating to Obstruction of Justice" and Circuit Split

The generic definition of "an offense relating to obstruction of justice" is a question of first impression for the Eighth Circuit. The BIA defined "relating to obstruction of justice" in Espinoza-Gonzalez, a widely-cited opinion. 22 I. & N. Dec. 889 (BIA 1999) (en banc). In Espinoza-Gonzalez, the BIA noted that the "United States Code does not define the term 'obstruction of justice' or 'obstructing justice.' Instead, chapter 73 of title 18 lists a series of offenses collectively entitled 'Obstruction of Justice.'" Id. at 891 (citing 18 U.S.C. §§ 1501–1518). The BIA recognized that "Congress did not adopt a generic descriptive phrase such as 'obstructing justice' or 'obstruct justice,' but chose instead a term of art utilized in the United States Code to designate a specific list of crimes." Id. at 893.

Analyzing these offenses, the BIA determined that "every offense that, by its nature, would tend to 'obstruct justice' is [not] an offense that should properly be classified as 'obstruction of justice.'" Id. at 893–94. Instead, the offenses entitled "Obstruction of Justice" all required "the critical element of an affirmative and intentional attempt, motivated by a specific intent, to interfere with the process of justice." Id. at 894. "In other words . . . it must include as elements both (1) the actus reus of an 'active interference with proceedings of a tribunal or investigation, or action or threat of action against those who would cooperate in the process of justice,' and (2) the mens rea of a 'specific intent to interfere with the process of justice.'" Higgins v. Holder, 677 F.3d 97, 102 (2d Cir. 2012) (quoting Espinoza-Gonzalez, 22 I. & N. Dec. at 893).

The parties argue or assume that this Court should adopt the BIA's definition. Currently, there is a circuit split regarding whether to grant <u>Chevron</u> deference to the BIA's definition. <u>See</u> <u>Higgins</u>, 677 F.3d at 103–04 (describing the circuit split). The Ninth Circuit determined <u>Chevron</u> deference applies and followed the BIA's definition of "obstruction of justice" from <u>Espinoza-Gonzalez</u>. <u>See</u> <u>Renteria-Morales v. Mukasey</u>, 551 F.3d 1076, 1086–87 (9th Cir. 2008). Alternatively, the Third Circuit has refused to apply the BIA's definition, finding <u>Chevron</u> deference inappropriate because the phrase "obstruction of justice" is not ambiguous. <u>Denis v. Att'y Gen. of United States</u>, 633 F.3d 201, 207–09 (3d Cir. 2011). In doing so, the Third Circuit interpreted "relating to obstruction of justice" more broadly than the BIA. <u>See</u> <u>id.</u> at 212.

We find it unnecessary to decide this issue. Neither party has argued for the Third Circuit's broader definition. As we discuss below, because we find the Nebraska statute falls within the BIA's narrower definition of "obstruction of justice," we leave this issue for another day. <u>See</u> <u>Higgins</u>, 677 F.3d at 104 (finding it unnecessary to reach the issue of <u>Chevron</u> deference because the state witness-tampering statute met the requirements of the narrower BIA definition of "obstruction of justice").

B. Applying the Categorical Analysis with the <u>Espinoza-Gonzalez</u> Definition

Using the BIA's definition for the purposes of this opinion, we must apply the <u>Taylor</u> categorical approach to determine whether the Nebraska statute includes the required actus reus and mens rea. Petitioner argues that the Nebraska statute does not meet the generic definition because (1) the statutory language is overly broad compared to the corresponding federal witness-tampering statute, 18 U.S.C. § 1512(b); (2) the substantive offense under the Nebraska statute would not be

punishable under § 1512(b); and (3) the Nebraska statute does not require a specific intent to interfere with the process of justice.  For the reasons discussed below, we find that the Nebraska witness-tampering statute includes both the required actus reus and mens rea per Espinoza-Gonzalez.

### 1. Actus Reus

The Nebraska witness-tampering statute contains the actus reus requirement from Espinoza-Gonzalez.  Nebraska Statute § 28-919(1)(c), (d) states:

> (1) A person commits the offense of tampering with a witness or informant if, believing that an official proceeding or investigation of a criminal or civil matter is pending or about to be instituted, he or she attempts to induce or otherwise cause a witness or informant to:
> . . .
> (c) Elude legal process summoning him or her to testify or supply evidence; or
> (d) Absent himself or herself from any proceeding or investigation to which he or she has been legally summoned.

The plain language of the Nebraska statute undoubtedly requires an "active interference with proceedings of a tribunal or investigation, or action or threat of action against those who would cooperate in the process of justice," thus meeting the actus reus requirement.  See Espinoza-Gonzalez, 22 I. & N. Dec. at 893.

Further, the Nebraska witness-tampering statute corresponds with the federal witness-tampering statute, 18 U.S.C. § 1512(b).  See Higgins, 677 F.3d at 105 (using § 1512(b) as a guide to determine if the Connecticut witness-tampering statute included the required actus reus); Renteria-Morales, 551 F.3d at 1087 (same).  In relevant part, § 1512(b) states:

(b) Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to--

    (1) influence, delay or prevent the testimony of any person in an official proceeding;

    (2) cause or induce any person to--

        (A) withhold testimony, or withhold a record, document, or other object, from an official proceeding;

        (B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;

        (C) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or

        (D) be absent from an official proceeding to which such person has been summoned by legal process[.]

The Nebraska statute criminalizes an offender's "attempt[] to induce or otherwise cause a witness or informant to . . . [e]lude legal process summoning him or her to testify or supply evidence." Neb. Rev. Stat. § 28-919(1)(c). Similarly, the federal statute criminalizes actions that "cause or induce any person to . . . evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding." 18 U.S.C. § 1512(b)(2)(C). Also, the Nebraska statute prohibits the "attempt[] to induce or otherwise cause a witness or informant to . . . [a]bsent himself or herself from any proceeding or investigation to which he or she has been legally summoned." Neb. Rev. Stat. § 28-919(1)(d). Analogously, the federal statute criminalizes actions that "cause or induce any person to . . . be absent from an official proceeding to which such person has been summoned by legal process." 18 U.S.C. § 1512(b)(2)(D).

Petitioner argues that because the Nebraska statute does not include the language "intimidation, threats, corrupt persuasion, or misleading conduct" used in § 1512(b), the Nebraska statute cannot constitute "an offense relating to obstruction of

justice." We disagree. While other courts have looked to the corresponding federal provision as a helpful guide, see Higgins, 677 F.3d at 105, like we do here, the state statute is not required to track the language of a corresponding federal statute exactly. To satisfy the actus reus element, the statute of conviction simply must require an active interference with proceedings of a tribunal or investigation, or action or threat of action against those who would cooperate in the process of justice. As discussed, the statute under which Petitioner was convicted includes that element.

### 2. Mens Rea

The Nebraska witness-tampering statute also meets the mens rea requirement under Espinoza-Gonzalez because it requires a "specific intent to interfere with the process of justice." Although the Nebraska statute does not explicitly state intent as an element of § 28-919(1), the Nebraska Supreme Court treats it as such. See State v. McCoy, 418 N.W.2d 250, 252 (Neb. 1988) ("The jury was instructed that the material elements 'the State must prove by evidence beyond a reasonable doubt' included that [the defendant] 'intentionally did attempt to induce [the witness] to testify falsely" in favor of [the defendant].'").

Regardless, Petitioner's claims that his conviction is not an aggravated felony because (1) the Nebraska statute does not explicitly require "specific intent to interfere with the process of justice" and (2) the "otherwise cause" language will capture unintended acts are without merit. In the current case, there is no realistic probability that a Nebraska state court would apply the statute outside of the generic definition, more specifically without requiring that the offender act with the intent to interfere with the process of justice. See Duenas-Alvarez, 549 U.S. at 192–93 (rejecting a claim that a state statute lacked an intent requirement, and therefore did not constitute an aggravated felony, because case law from the state showed intent was an element of the offense). Petitioner presents hypothetical situations in which the state could

convict an offender under the Nebraska statute when the offender did not intend the act, including where "a defendant posts on Facebook that he wishes a proceeding would just go away and a witness reads the post and decides to absent himself." However, Petitioner's hypotheticals only rise to the level of "theoretical possibility" and are insufficient to establish that the Nebraska statute is "a crime outside the generic definition." See id. Petitioner does not claim that his conviction is an example of a Nebraska state conviction where no specific intent existed. Further, Petitioner has failed to provide examples where Nebraska state courts have convicted an offender for witness tampering even though the offender lacked intent to interfere with the process of justice, nor has this Court found any such examples. See id. ("[Petitioner] must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues.") Therefore, the Nebraska state statute on witness tampering meets the generic definition of obstruction of justice.

III.    Conclusion

        For the foregoing reasons, we deny the petition for review of the BIA's order.
                    _____